Carl David WILBURN and E. J. JENNINGS, JR. *v.* TOPEKA CORPORATION, INC.

78-228                                   577 S.W. 2d 406

Opinion delivered February 26, 1979
(In Banc)

*Robert S. Blatt,* for appellants.

*Daily, West, Core, Coffman & Canfield,* for appellee and cross-appellant.

JOHN A. FOGLEMAN, Justice. Appellants were charged with the robbery of employees of the Fort Smith Sheraton Inn on April 17, 1977. After they had entered pleas of guilty and had been sentenced on March 4, 1978, appellants moved that $1,557.24 taken from them when they were arrested by Fayetteville police on April 18, 1977, be returned to them. After $650 of the money was turned over to the Fort Smith Sheraton Inn, appellants amended their request to ask that the remaining $907.24 be returned to them. On April 5, 1978, appellee, the operator of the Sheraton Inn of Texarkana, Arkansas, moved that this remaining money be turned over to it, alleging that this money was the proceeds of a robbery of the Texarkana Sheraton Inn on April 14, 1977. After a hearing on the motions, the trial court ordered that $157.24 be returned to appellants and $750 turned over to appellee. Appellants seek reversal on the ground that there was no substantial evidence to support the judgment. We agree and reverse the judgment.

It must be remembered that this is not an action by Topeka Corporation, Inc. to obtain a judgment for a civil

liability of appellants for money taken by robbery and to collect that judgment by garnishment of moneys held by the Fort Smith Police Department. It is a motion for the return of seized property filed pursuant to Rule 15.2, Arkansas Rules of Criminal Procedure. Appellee was entitled to a return or restoration of the money seized only if it had a valid claim to the rightful possession of the *things seized* because these *things* had been stolen and it was the owner or the rightful possessor. We find no substantial evidence in the record before us to show that the Topeka Corporation was the owner of the things seized, i.e., the specific money then in the hands of the Fort Smith police.

We are somewhat handicapped in our review by reason of the fact that the record does not disclose things which appellee considers essential to the issues. Appellee filed a motion to dismiss the appeal, alleging that in spite of its designation of the entire record before the Circuit Court of Sebastian County, appellants had filed only a partial record of the proceedings below. This did not include the record of the criminal proceedings against appellants in the Circuit Court of Sebastian County, which appellee had designated, on the ground that the trial court, at its request, had taken judicial notice of those proceedings. Appellee asserted that these proceedings established a nexus between the two Sheraton Inn robberies, one at Texarkana and the other at Fort Smith. Appellee prayed that the appeal be dismissed, but that, in the alternative, its motion be treated as a motion for an extension of time within which the additional transcript proceedings could be prepared, in order that this court could render its decision upon the full record that was before the Sebastian Circuit Court. So far as we can tell from the affidavit of the Clerk of the Circuit Court of Sebastian County, these criminal proceedings consisted of a brief of the prosecuting attorney relating to the validity of a search by the Fayetteville police when appellants were arrested, and their seizure of the money found on appellants, and a letter from appellee's attorneys addressed to the Judge of the Circuit Court of Sebastian County, requesting that the judge determine the content of the record, if appellant's attorney desired that he do so.

We did not grant appellee's motion to dismiss, but

granted its alternate prayer. We have not found any additional transcript that has been filed here, in spite of our giving appellee the opportunity to file one. If nothing more than the prosecuting attorney's brief was omitted, the record filed by appellant was not deficient, because that brief is not evidence, much less admissible evidence, on the issues here and, if this constituted the "proceedings" of which the trial court took judicial notice, it did so improperly. It appears, however, that there were certain pleadings in the criminal proceedings. Appellee has abstracted several pleadings, presumably from the criminal proceedings against appellants on the Sebastian County charge. None of these seem to have any relevance to the issues in this case. One of the pleadings abstracted is the brief of the prosecuting attorney, which, as we have said, could not be considered as evidence, unless the parties stipulated that it be. We find no such stipulation.

The evidence, viewed in the light most favorable to appellee, discloses that James Langford, an employee of appellee, who witnessed the Texarkana robbery, had subsequently identified Wilburn as one of the two robbers. Langford also testified that a weapon he had seen on this occasion looked like the weapon used in the Texarkana robbery. He described the vehicle in which the robbers came and left as a '70 or '71 model Torino, beige in color. He was unable to identify or recognize any of the money still held by the Fort Smith police as having been taken in the Texarkana robbery, four days before appellants were arrested.

When appellants were arrested, Jennings had $200 in $20 bills and $1.63 in change on his person. Wilburn had $180 in $20 bills, $25 in $5 bills and 95 cents in change on his person. A white plastic bag and a yellow paper bag were found in the rear of the gray Ford Torino occupied by appellants when they were arrested. These two bags contained money in the following denominations:

| | |
|---|---|
| $20 bills | $ 260 |
| $10 bills | 290 |
| $5 bills | 220 |
| $1 bills | 301 |
| Change | 146.85 |
| | $1217.85 |

Somehow a total of $1192.85 was calculated as the amount found in the rear of this vehicle. By an equally mysterious process, the total amount taken from these appellants and the vehicle was stated as $1557.24 and that amount was turned over to the Fort Smith police by the Fayetteville police.

The shortage reported by appellee's accountants after the robbery included $750 in cash, which was made up of five "house banks." The "front desk bank" amounted to $350, and each of four restaurant banks consisted of $100. The balance represented cash proceeds from the morning and evening shifts. Langford was the night clerk. He said that some $1 bills, some $5 bills, some $10 bills, some $20 bills and one or two $50 bills were taken from him. In addition to his $350 bank, three $100 bills were taken. He also said that there were quarters, dimes and nickels in rolls. Three rolls of dimes were wrapped in paper of the First National Bank of Fort Smith, with which appellee did no business. He had never seen a roll of nickels in a tan colored package, but had used rolls of quarters in orange and white wrappers, similar to some of those in question. There were coins in blue wrappers, which Langford said were commonly furnished by all banks. At the time of the robbery, none of the money taken had been in either of the bags found in appellants' vehicle, although Langford said that he had seen a bag in the safe which contained the proceeds of the evening shift which preceded his shift and that the robbers took this bag.

Although appellee is probably correct in its contention that Rule 15.2 (f) and Ark. Stat. Ann. § 41-1401 (Repl. 1977) must be considered in conjunction with each other, the statute simply says that seized property must be returned to its rightful owner. There is no conflict between the statute and the rule, and the latter is simply the procedural implementation of the former. There simply is no evidence that any of the *things* seized from appellants were *things* of which appellee was the owner.

The judgment awarding appellee $750 of the money seized is reversed.

The Chief Justice would affirm the judgment as to Wilburn.

HICKMAN, J., dissents.

DARRELL HICKMAN, Justice, dissenting. I would affirm the judgment of the trial court in view of two standards we apply on review of trial judgments. First, we will not reverse if there is substantial evidence to support the trial court's finding. Second, we view the evidence in the light most favorable to the appellee.

One of the appellants, Carl David Wilburn, was identified as an armed robber of the Texarkana Sheraton Inn. Both Wilburn and Jennings pleaded guilty to the charge of aggravated robbery of the Fort Smith Sheraton Inn which occurred several days after the Texarkana robbery. Apparently the appellants favor Sheraton Inns. These gentlemen were apprehended near Fayetteville with over $1,000.00 in the trunk of the vehicle. The description given by an employee of the Sheraton Inn at Texarkana of the vehicle used by Wilburn is similar to that of the vehicle the appellants were driving in Fayetteville.

Wilburn refused to open the trunk and, in fact, ran and threw the keys away.

The trial judge ordered a return of some $650.00 to the Fort Smith Sheraton Inn in a separate proceeding, and in this proceeding ordered $750.00 turned over to the Texarkana Sheraton Inn.

The majority finds that the money could not be identified as belonging to the Texarkana Sheraton Inn. Rarely can money which is taken from merchants be identified. However, this is a civil case, not a criminal case, and I feel that the appellee has made a prima facie showing that these gentlemen robbed it and still had some of the money. The fact that it was not in the exact denominations several days later does not impress me. The appellants put on no evidence whatsoever to indicate their occupation nor the source of the money, and I suppose we can assume they are in the business

of robbing people for money. At least that is what the record indicates.

I would affirm the judgment of the trial court.