Lawrence J. WALKER
*v.* STATE of Arkansas

676 S.W.2d 460

Supreme Court of Arkansas
Opinion delivered October 1, 1984

Appellant, *pro se.*

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner entered a negotiated plea of guilty in July, 1983, to four counts of aggravated robbery, theft by receiving and a felon-in-possession-of-a-firearm charge. He was sentenced to a total of 40 years in prison on the aggravated robbery counts and four years on the theft and felon-in-possession charges. Soon thereafter petitioner filed a petition to vacate the pleas under A.R.Cr.P. Rule 37.

An order was entered denying the petition on October 7, 1983. No appeal was taken.

Petitioner next filed a petition to withdraw the pleas pursuant to A.R.Cr.P. Rule 26.1. The trial court denied the motion, stating that motions pursuant to Rule 26.1 must be made prior to sentencing. The court also said that if the petition were considered as a petition to proceed under Rule 37, petitioner had already had one such petition denied and the second petition was denied for the reasons stated in the order denying the first petition. Petitioner mailed a notice of appeal of the denial of the Rule 26.1 petition to the circuit clerk but it did not reach its destination until three days after the 30 days for filing a notice of appeal had elapsed.

Petitioner now seeks a belated appeal. He contends that there is a "grace period" which grants an allowance of time for items to be transported in the mail. He also contends that the notice of appeal would have been mailed earlier if he had been afforded competent legal advice.

The Rules of Appellate Procedure, Rule 4 (a), provides that a notice of appeal shall be filed within 30 days of the entry of the order of judgment. There is no grace period as petitioner contends. Appellants, even those who proceed *pro se*, are responsible for following the rules of appellate procedure. Ignorance alone does not excuse an appellant of his responsibility to conform to the rules. *Thompson* v. *State*, 280 Ark. 163, 655 S.W.2d 424 (1983); *Grain* v. *State*, 280 Ark. 161, 655 S.W.2d 425 (1983).

We also note that a petitioner whose Rule 37 petition is denied is not entitled to a second such petition unless the first was denied without prejudice. Rule 37.2 (b). Post-conviction petitions which raise grounds for relief cognizable under Rule 37 are considered petitions to proceed under Rule 37, regardless of the label given them by the petitioner. The trial court therefore could simply have dismissed the Rule 26.1 petition as being a subsequent Rule 37 petition.

Motion denied.