Eugene GARNER *v.* STATE of Arkansas

737 S.W.2d 637

Supreme Court of Arkansas
Opinion delivered October 12, 1987

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Jack Gillean*, Asst. Att'y Gen., for appellee.

PER CURIAM. Eugene Garner, Jr. pleaded guilty to murder in the first degree in 1986 and was sentenced to forty years imprisonment. In 1987 he filed a *pro se* petition pursuant to Criminal Procedure Rule 37 seeking to vacate the plea. The circuit court denied relief in an order entered May 21, 1987 from which no appeal was taken. Movant now requests permission to proceed with a belated appeal.

This court will grant a belated appeal from an order denying a petition for postconviction relief if the movant shows good cause for the failure to file a notice of appeal within thirty days of the date the order was entered. *See Porter* v. *State*, 287 Ark. 359, 698 S.W.2d 801 (1985). The movant here explains that he did not file a notice of appeal because he is illiterate and the prison inmate who was assisting him with the Rule 37 petition failed to file a notice of appeal for him or tell him that one needed to be filed.

While there is no doubt that poorly educated persons

have more difficulty following the Rules of Appellate Procedure than other appellants, a lack of knowledge of the rules in itself does not constitute good cause for failure to file a timely notice of appeal. *Walker* v. *State*, 283 Ark. 339, 676 S.W.2d 460 (1984); *Thompson* v. *State*, 280 Ark. 163, 655 S.W.2d 424 (1983); *Grain* v. *State*, 280 Ark. 161, 655 S.W.2d 425 (1983). As we said in *Grain, supra*, if merely declaring ignorance of the rules of procedure were enough to excuse lack of compliance, it would be just as well to have no rules since an appellant could simply bypass the rules by claiming a lack of knowledge. Likewise, trusting another prison inmate for advice about the rules does not excuse the appellant from compliance. Few inmates of the Arkansas Department of Correction are trained in the law and appellants who take the advice of the inmates who hold themselves out as legal advisers do so at their own risk.

Motion denied.