Timothy Ray HILL *v.* STATE of Arkansas

737 S.W.2d 636

Supreme Court of Arkansas
Opinion delivered October 12, 1987

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Jack Gillean*, Asst. Att'y Gen., for appellee.

PER CURIAM. The movant Timothy Ray Hill pleaded guilty to aggravated robbery in 1984 and was sentenced to ten years imprisonment. In 1986 he filed a *pro se* petition pursuant to Criminal Procedure Rule 37 seeking to vacate the plea. The circuit court denied relief in an order entered of record on December 1, 1986. No appeal was taken, and movant now requests permission to proceed with a belated appeal.

This court will grant a belated appeal from an order denying a petition for postconviction relief if the petitioner shows good cause for the failure to file a notice of appeal within thirty days of the date the order was entered. *See Porter* v. *State*, 287 Ark. 359, 698 S.W.2d 801 (1985). The movant here does not contend that he was not aware that the petition had been denied and concedes that he was promptly provided a copy of the court's order. He contends only that he was not aware that there was a right to appeal the denial of a Rule 37 petition and that he was "mentally and physically in no position when time for a notice expired" (sic).

Although Criminal Procedure Rule 36.4 provides that the trial judge must advise a convicted defendant of his right to a *direct* appeal of his conviction, there is no requirement under the constitution or the provisions of Rule 37 that a trial judge inform the unsuccessful petitioner in a *collateral* attack on the judgment that he may appeal. Simply put, a collateral attack on a judgment does not carry with it every procedural safeguard provided for a first appeal of the judgment of conviction.

Movant does not make plain why he was mentally and physically unprepared to file a notice of appeal, but it is clear that

his lack of knowledge of the rules of procedure alone does not excuse him of his responsibility to conform to the rules. *Walker* v. *State*, 283 Ark. 339, 676 S.W.2d 460 (1984); *Thompson* v. *State*, 280 Ark. 163, 655 S.W.2d 424 (1983); *Grain* v. *State*, 280 Ark. 161, 655 S.W.2d 425 (1983). We have consistently held that appellants even those proceeding *pro se*, are responsible for following the rules in perfecting an appeal. If merely declaring ignorance of the rules excused the need to file a timely notice of appeal, an appellant would feel little obligation to comply with appellate procedure. *See Grain* v. *State, supra.*

Motion denied.