Kenneth Monroe STRAWBRIDGE v. STATE of Arkansas

CR 96-1237                                    940 S.W.2d 477

Supreme Court of Arkansas
Opinion delivered March 17, 1997

Petitioner, *pro se.*

No response.

PER CURIAM. On March 8, 1996, Kenneth Monroe Straw-bridge was found guilty by a jury in the Circuit Court of Faulkner County of two felony offenses and three misdemeanors. Defendant Strawbridge was sentenced as a habitual offender to an aggregate sentence of 432 months' imprisonment, *i.e.*, thirty-six years. The judgment was entered of record on March 13, 1996.[1] A notice of appeal was not filed within the thirty-day period for filing a notice provided by Rule 2(a)(1) of the Rules of Appellate Procedure—Criminal, and Mr. Strawbridge now seeks by *pro se* motion to proceed with a belated appeal of the judgment. He further seeks to have the record brought up for the purposes of the appeal.

Petitioner Strawbridge contends that Frank Shaw, the appointed attorney who represented him at trial, told him that he (Shaw) could not go further with the case and that Strawbridge should write the clerk of the supreme court for forms to perfect an appeal and to request appointment of counsel. When he did so, he was informed that this court does not provide forms to perfect an appeal. He then wrote to the circuit clerk who also declined to assist him. He urges that this court grant a belated appeal because his efforts clearly demonstrate that he desired to appeal.

On March 8, 1996, on the day petitioner was convicted and five days before the judgment was entered, an order was entered in

---

[1] The judgment was later amended to correct a clerical error with respect to the name of the attorney who represented the defendant.

the trial court relieving Mr. Shaw as counsel. The order bears petitioner's signature, indicating that he was aware that Shaw was no longer representing him. Rule 16 of the Rules of Appellate Procedure—Criminal provides in pertinent part that trial counsel is not obligated to continue to represent a convicted defendant on appeal if permitted by the trial court to withdraw.

As Shaw had been relieved and had no obligation to perfect the appeal, the question is whether petitioner's lack of familiarity with legal procedure excuses his failure to file a timely notice of appeal. We conclude that it does not. As we said in *Garner v. State*, 293 Ark. 309, 737 S.W.2d 637 (1987),

> . . .a lack of knowledge of the rules in itself does not constitute good cause for failure to file a timely notice of appeal. *Walker v. State*, 283 Ark. 339, 676 S.W.2d 460 (1984); *Thompson v. State*, 280 Ark. 163, 655 S.W.2d 424 (1983); *Grain v. State*, 280 Ark. 161, 655 S.W.2d 425 (1983). . . .if merely declaring ignorance of the rules of procedure were enough to excuse lack of compliance, it would be just as well to have no rules since an appellant could simply bypass the rules by claiming a lack of knowledge.

We have consistently held that appellants, even those proceeding without counsel, are responsible for following procedural rules in perfecting an appeal. Merely declaring or manifesting a lack of familiarity with procedural rules does not remove the need to comply with appellate procedure and is not good cause to grant a belated appeal. *See Hill v. State*, 293 Ark. 310 (1987).

Motions denied.

BROWN, J., dissents.

ROBERT L. BROWN, Justice, dissenting. I would remand this matter to the trial court for a determination of whether Strawbridge was misled by his appointed counsel. Strawbridge contends that he was told by counsel that he could write the Supreme Court Clerk for forms to perfect his appeal. When he was told that the Supreme Court Clerk's office did not have those forms, he wrote to the Faulkner County Circuit Clerk's office. Again, he found that forms were not available. By that time, his appeal was either untimely or the deadline was fast approaching.

This is a credibility issue. If Strawbridge was misled by appointed counsel, that is good cause for a belated appeal in my judgment. If not, the motion should be denied. The situation is comparable to cases where the issue is whether a defendant requested counsel to file a notice of appeal. Typically, we remand those cases for a finding of fact by the trial court as to whether the request was made. I would do the same in the case at hand and remand the matter for a factual determination.