John R. BUTCHER *v.* STATE of Arkansas

CR 01–484                                        45 S.W.3d 378

Supreme Court of Arkansas
Opinion delivered June 7, 2001

*Petitioner,* pro se.

No response.

PER CURIAM. In 1999, John R. Butcher was charged in the Circuit Court of Garland County in case CR 99–428–I with felony theft by receiving. On February 23, 2000, Butcher filed a *pro se* motion seeking the return of property seized from him in connection with the charge. On April 20, 2000, the court granted the State's motion to *nolle prosequi* the charge. On June 8, 2000, the court entered an order denying the motion for return of the seized property.

■ On April 26, 2001, Butcher filed in this court a *pro se* motion to proceed with a belated appeal of the order which denied his motion for return of seized property.[1] The return of property seized incident to a criminal prosecution is governed by Ark. R. Crim. P. 15.2. Rule 15.2(e) provides that an order denying a motion for return of property is reviewable on appeal in regular course as a final order.

The issues at hand are not whether the court's order denying the motion was erroneous, but rather whether the attorney who represented petitioner before the *nolle prosequi* order was entered was obligated to appeal from the order denying the motion for return of seized property; and, if counsel was not so obligated, whether petitioner has stated good cause for his failure to file a timely notice of appeal and pursue the appeal.

■■ Rule 16 of the Rules of Appellate Procedure—Criminal provides in pertinent part that trial counsel, whether retained or court appointed, shall continue to represent a *convicted* defendant throughout any appeal, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. Petitioner was not convicted of the offense with which he was charged. Thus, counsel's obligation ended when the *nolle prosequi* order was entered.

Petitioner Butcher contends that he failed to file a *pro se* notice of appeal from the order denying the motion for return of seized property because he was not skilled in legal matters and mistakenly filed a civil rights action in federal court before pursuing his State remedies. We find no ground to grant a belated appeal and deny the motion.

---

[1] Petitioner Butcher states in his motion that it pertains to the April 19, 2000, order denying the motion for return of the property. As the record does not reflect an order entered on that date and it is clear from the motion that it pertains to the June 8, 2000, order, it may be assumed that petitioner merely misstated the date of the order.

If an appeal from an order pertaining to petitioner's property rights is civil in nature, as property matters are generally considered to be, then there is no provision in the prevailing rules of procedure for a belated appeal in a civil case. Even if the matter were considered to be criminal in nature, a petitioner is not permitted to proceed with a belated appeal in a criminal matter, unless he demonstrates some good cause for his failure to perfect an appeal. *Garner v. State*, 293 Ark. 309, 737 S.W.2d 637 (1987). The fact that a petitioner is proceeding *pro se* does not in itself constitute good cause for the failure to conform to the prevailing rules of procedure. *Walker v. State*, 283 Ark. 339, 676 S.W.2d 460 (1984); *Thompson v. State*, 280 Ark. 163, 655 S.W.2d 424 (1983). As petitioner has stated no good cause for his failure to perfect an appeal of the court's order, there is no basis to permit a belated appeal.

Motion denied.