The Honorable Michael Lamoureux State Representative P.O. Box 1064 Russellville, Arkansas 72811-1064
Dear Representative Lamoureux:
I am writing in response to your request for an opinion on the following question:
 Does Arkansas Rule of Criminal Procedure 15.2 apply to case [sic] where the police have seized an item of property during the course of an investigation but charges are never filed? In other words, must a suspect in an investigation that was never charged with a crime petition a court to receive an order releasing the property being held by police?
RESPONSE
It is impossible to answer this question in the abstract, without reference to all the facts surrounding the seizure of particular property. You have not indicated what type of property is at issue, the nature of the suspect's ownership interest in the property, whether the case is one arising under the "Uniform Controlled Substances Act," whether a search warrant was obtained in connection with the seizure, or whether any forfeiture petition has been filed. Each of these factors, among others, may bear on the outcome of your question.
If your concern is about the return of property in a particular case, the counsel for the suspect in question must analyze the law applicable to the particular facts surrounding the seizure. If your concern is more general, I can only point you to certain case law in Arkansas addressing the issue under various factual circumstances. See e.g., Drug Task Forcev. Hoffman (Ark.Sup.Ct. 02-809, issued May 15, 2003) (individual who was arrested in connection with drug activity, but against whom no criminal charges were filed was entitled to return of his $2000 in action brought under A.C.A. § 18-60-804 because Drug Task Force failed to proceed properly under A.C.A. § 5-64-505 and noting that the individual could have proceeded under Ark. R. Crim. P. 15.2); Butcher v. State,345 Ark. 222, 45 S.W.3d 378 (2001) (the return of property seized incident to a criminal prosecution is governed by Ark. R. Crim. P. Rule 15.2 and defendant, against whom charges were later nolle prossed, could not prevail where his appeal of the denial of his pro se petition for return of property was filed too late for purposes of Rule 15.2); Slots, Inc.v. State, 342 Ark. 609, 32 S.W.3d 755 (2000) (corporation could not prevail on its Rule 15.2 motion for return of gambling devices, in a case where corporation's employee was charged criminally for operating a gambling house but was killed in an automobile accident before trial, because corporation did not perfect a Rule 15.2(e) certification that devices were no longer needed for evidentiary purposes, rejecting argument that Rule 15.2 did not apply because the devices were in the custody of the police department rather than the circuit court; where search warrant had been issued, the devices were held "under the auspices" of the circuit court for purposes of Rule 15.2); and WilburnJennings v. Topeka Corp., 265 Ark. 141, 577 S.W.2d 406 (1979) (under Rule 15.2 motion, movant is entitled to return of property only if he has a valid claim to the rightful possession of the things seized).
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh