

# SUPREME COURT OF ARKANSAS

No. CV-13-1096

|  |  |
|---|---|
| | **Opinion Delivered** February 13, 2014 |
| ALBERT BETTS | |
| PETITIONER | PRO SE MOTION FOR BELATED APPEAL OF ORDER AND MOTION FOR APPOINTMENT OF COUNSEL [LEE COUNTY CIRCUIT COURT, 39CV-13-88] |
| v. | |
| STATE OF ARKANSAS AND RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION RESPONDENTS | MOTION FOR BELATED APPEAL OF ORDER DENIED; MOTION FOR APPOINTMENT OF COUNSEL MOOT. |

**PER CURIAM**

In 2013, petitioner Albert Betts filed a pro se petition for writ of habeas corpus in the circuit court in Lee County where he was incarcerated.[1] The circuit court denied the petition on August 27, 2013. Petitioner did not timely file a notice of appeal from the order, and he now seeks leave to proceed with a belated appeal. He also seeks appointment of counsel.

A petitioner has the right to appeal a ruling on a petition for postconviction relief, which includes the denial of a petition for writ of habeas corpus. *Wesley v. Harmon*, 2010 Ark. 21 (per curiam); *McClain v. Norris*, 2009 Ark. 428 (per curiam); s*ee Scott v. State*, 281 Ark. 436, 664 S.W.2d 475 (1984) (per curiam). If the petitioner fails to file a timely notice of appeal, a belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply

---

[1]As of the date of this opinion, appellant remains incarcerated at the prison facility in Lee County.

SLIP OPINION

with proper procedure. *Wesley*, 2010 Ark. 21; *Garner v. State*, 293 Ark. 309, 737 S.W.2d 637 (1987) (per curiam).

This court has consistently held that the burden to conform to procedural rules applies even where the petitioner proceeds pro se, as *all* litigants must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not so conforming. *Nelson v. State*, 2013 Ark. 316 (per curiam); *Hale v. State*, 2010 Ark. 17 (per curiam) (citing *Daniels v. State*, 2009 Ark. 607 (per curiam)); *see also Peterson v. State*, 289 Ark. 452, 711 S.W.2d 830 (1986) (per curiam); *Walker v. State*, 283 Ark. 339, 676 S.W.2d 460 (1984) (per curiam); *Thompson v. State*, 280 Ark. 163, 655 S.W.2d 424 (1983) (per curiam). The pro se appellant receives no special consideration on appeal. *Nelson*, 2013 Ark. 316.

Arkansas Rule of Appellate Procedure–Civil 4(a) (2013) requires that a notice of appeal be filed within thirty days of the date an order is entered. Here, the final date to file a timely notice of appeal was Thursday, September 26, 2013. As his sole ground to permit a belated appeal, petitioner argues that his notice of appeal, which was file-marked by the circuit clerk on September 27, 2013, should be considered timely filed because Monday, September 2, 2013, was the Labor Day holiday and should not be counted when calculating the thirty-day period to file the notice of appeal.

Computation of the time period for securing an appeal is done in accordance with Ark. R. Civ. P. 6. Rule 6(a) provides the following:

> In computing any period of time prescribed or allowed by these rules . . . the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, legal holiday, or other day when the clerk's office is closed, in which event the

SLIP OPINION

period runs until the end of the next day that the clerk's office is open. When the period of time prescribed or allowed is less than fourteen (14) days, intermediate Saturdays, Sundays, or legal holidays shall be excluded in the computation. As used in this rule and Rule 77(c), "legal holiday" means those days designated as a holiday by the President or Congress of the United States or designated by the laws of this State.

Here, in accordance with the Rule, the thirty-day period to file a notice of appeal began on August 27, 2013, and each calendar day should be included in calculating the thirty days to file the notice, making the final day to file a timely notice of appeal Thursday, September 26, 2013. *See Whitmer v. Sullivent*, 373 Ark. 327, 284 S.W.3d 6 (2008). The Rule does not require that a legal holiday that occurred during that period be excluded in the calculation.

As petitioner's only ground for the motion for belated appeal is without merit, he has not established good cause for not meeting his burden of filing a timely notice of appeal. For that reason, the motion to proceed with the appeal is denied. The motion for appointment of counsel is moot.

Motion for belated appeal of order denied; motion for appointment of counsel moot.

*Albert Betts*, pro se petitioner.

No response.