

# SUPREME COURT OF ARKANSAS

### No. CV-14-29

| | |
|---|---|
| | **Opinion Delivered**    February 20, 2014 |
| DOUG DWAYNE SILLIVAN<br>                        **PETITIONER** | PRO SE MOTION FOR BELATED APPEAL OF ORDER [LINCOLN COUNTY CIRCUIT COURT, No. 40CV-13-32] |
| v. | |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>                        **RESPONDENT** | HONORABLE JODI RAINES DENNIS, JUDGE |
| | MOTION DENIED. |

**PER CURIAM**

In 2013, petitioner Doug Dwayne Sillivan filed a pro se petition for writ of habeas corpus in the circuit court in Lincoln County where he was incarcerated.[1] The circuit court granted the petition in part and denied it in part. No appeal was taken, and petitioner now seeks leave to proceed with a belated appeal.

Arkansas Rule of Appellate Procedure–Civil 4(a) (2013) requires that a notice of appeal be filed within thirty days of the date an order is entered. Petitioner, who states that he is functionally illiterate, contends that he did not file a timely notice of appeal because he relied on a fellow inmate for assistance and that inmate was transferred to another unit, making it impossible for him to comply with procedural rules. He also argues that the relief sought in his petition for writ of habeas corpus should have been granted in full.

---

[1] As of the date of this opinion, petitioner remains incarcerated at the prison facility in Lincoln County.

SLIP OPINION

A petitioner has the right to appeal a ruling on a petition for postconviction relief, which includes the denial of a petition for writ of habeas corpus. *McDaniel v. Hobbs*, 2013 Ark. 107 (per curiam); *Wesley v. Harmon*, 2010 Ark. 21 (per curiam); *McClain v. Norris*, 2009 Ark. 428 (per curiam); s*ee Scott v. State*, 281 Ark. 436, 664 S.W.2d 475 (1984) (per curiam). If the petitioner fails to file a timely notice of appeal, a belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with proper procedure. *McDaniel*, 2013 Ark. 107; *Wesley*, 2010 Ark. 21; *Garner v. State*, 293 Ark. 309, 737 S.W.2d 637 (1987) (per curiam).

This court has consistently held that the burden to conform to procedural rules applies even where the petitioner proceeds pro se, as *all* litigants must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not so conforming. *McDaniel*, 2013 Ark. 107; *Smith v. State*, 2011 Ark. 367 (per curiam); *Ross v. State*, 2011 Ark. 270 (per curiam); *Wright v. State*, 2010 Ark. 474 (per curiam); *Cummings v. State*, 2010 Ark. 123 (per curiam); *Hale v. State*, 2010 Ark. 17 (per curiam) (citing *Daniels v. State*, 2009 Ark. 607 (per curiam)); *see also Peterson v. State*, 289 Ark. 452, 711 S.W.2d 830 (1986) (per curiam); *Walker v. State*, 283 Ark. 339, 676 S.W.2d 460 (1984) (per curiam); *Thompson v. State*, 280 Ark. 163, 655 S.W.2d 424 (1983) (per curiam). The pro se appellant receives no special consideration on appeal. *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam). If this court were to permit a belated appeal merely because an incarcerated appellant could point to some difficulty in complying with procedural requirements caused by his or her incarceration or lack of education, there would be little use in promulgating procedural rules, as an appellant could simply bypass the rules by claiming the burden of incarceration or lack of knowledge. *See Neely*

SLIP OPINION

*v. State*, 2012 Ark. 423 (per curiam); *see also Smith*, 2011 Ark. 367; *Garner*, 293 Ark. 309, 737 S.W.2d 637.

While an incarcerated petitioner may face certain obstacles in conforming to procedural rules, we take judicial notice that appeals from postconviction orders are frequently lodged in this court by incarcerated persons. The fact that those appeals are perfected by persons who also may be assumed to face certain hurdles occasioned by their incarceration suggests that the thirty days to file a notice of appeal is not unduly burdensome. *See McDaniel*, 2013 Ark. 107. We have made it abundantly clear that we expect compliance with the rules of this court so that appeals will proceed as expeditiously as possible. *Smith*, 2011 Ark. 367; *Jacobs v. State*, 321 Ark. 561, 906 S.W.2d 670 (1995) (per curiam) (citing *Alexander v. Beaumont*, 275 Ark. 357, 629 S.W.2d 300 (1982) (per curiam)).

It is not the responsibility of the circuit clerk, or anyone other than the party desiring to appeal, to perfect the appeal. *Smith*, 2011 Ark. 367; *Ester v. State*, 2009 Ark. 442 (per curiam); *Marshall v. State*, 2009 Ark. 420 (per curiam). As it was the duty of petitioner to file a timely notice of appeal, and he has not established good cause for his failure to do so, the motion to proceed with the appeal is denied.

Motion denied.

*Doug Dwayne Sillivan*, pro se petitioner.

No response.