SLIP OPINION

Cite as 2014 Ark. 165

# SUPREME COURT OF ARKANSAS

No. CR-14-204

| | | |
|---|---|---|
| | | Opinion Delivered April 10, 2014 |
| LEE ED KENNEL, JR. | PETITIONER | |
| | | PRO SE MOTION FOR BELATED APPEAL [HEMPSTEAD COUNTY CIRCUIT COURT, NO. 29CR-11-166] |
| V. | | |
| STATE OF ARKANSAS | RESPONDENT | |
| | | MOTION DENIED. |

## PER CURIAM

On June 10, 2013, an order was entered in the Hempstead County Circuit Court dismissing a pro se petition for writ of error coram nobis filed by petitioner Lee Ed Kennel, Jr. Petitioner did not timely file a notice of appeal from the order, and he now seeks leave to proceed with a belated appeal. Because petitioner has not established good cause for his failure to perfect an appeal in a timely manner, the motion is denied.

Under Rule 2 of the Arkansas Rules of Appellate Procedure–Criminal (2013), as is relevant to this matter, a person desiring to appeal a circuit court's order must file a notice of appeal with the clerk of the circuit court within thirty days of the date that the order is entered. *See* Ark. R. App. P.–Crim. 2(a). If a notice of appeal is not timely filed, this court may still act on an appeal if a good reason for the failure is shown by affidavit. *See* Ark. R. App. P.–Crim. 2(e). The burden is on the petitioner to establish good cause for the failure to comply with proper procedure. *Nelson v. State*, 2013 Ark. 316 (per curiam). This burden applies even where the petitioner proceeds pro se, as all litigants must bear the responsibility for conforming to the

SLIP OPINION

rules of procedure or demonstrating good cause for not so conforming. *Id.*

As grounds for the failure to timely file a notice of appeal, petitioner states that he filed a "post trial motion" on July 9, 2013, that was denied on August 23, 2013, and that he filed a notice of appeal on September 3, 2013. The record lodged with the motion for belated appeal, however, does not contain a motion filed after the order was entered on June 10, 2013, or a notice of appeal filed at any time, and the onus is entirely on petitioner to bring up a record sufficient to show that he timely filed a notice of appeal in this matter. *See Davis v. State*, 2012 Ark. 70 (per curiam). Petitioner concedes that he has no way of proving that he did so.

It is not the responsibility of anyone other than the petitioner to perfect an appeal. *Sillivan v. Hobbs*, 2014 Ark. 88 (per curiam). All litigants, including those who proceed pro se, must bear responsibility for conforming to the rules of procedure or demonstrating a good cause for not doing so. *Davis v. State*, 2012 Ark. 340 (per curiam). Petitioner's bare statement that he filed a notice of appeal is not sufficient cause to permit the appeal to go forward.

Motion denied.

*Lee Ed Kennel, Jr.*, pro se petitioner.

No response.