SLIP OPINION

Cite as 2014 Ark. 187

# SUPREME COURT OF ARKANSAS

No. CR-14-252

|  |  |  |
|---|---|---|
| | | Opinion Delivered    April 24, 2014 |
| MICHAEL MARTIN | PETITIONER | PRO SE MOTION FOR RULE ON CLERK |
| | | [CRITTENDEN COUNTY CIRCUIT COURT, NO. 18CR-95-1026] |
| v. | | |
| STATE OF ARKANSAS | RESPONDENT | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| | | MOTION DENIED. |

## PER CURIAM

In 1996, petitioner Michael Martin entered a plea of guilty to the unlawful discharge of a firearm from a vehicle and was sentenced to a term of 240 months' imprisonment. In 2013, petitioner filed in the trial court a petition to correct the sentence pursuant to Arkansas Code Annotated section 16-90-111 (Supp. 1997). The court denied the petition.

Petitioner timely filed a notice of appeal from the order on October 29, 2013, but he did not tender the record to this court as required by Arkansas Rule of Appellate Procedure–Criminal 4(b) (2013), which provides that a record must be tendered within ninety days of the date of the notice of appeal. On March 18, 2014, petitioner filed the instant motion seeking to lodge the record belatedly and proceed with the appeal.

As grounds for the motion, petitioner contends that it was the circuit clerk's fault that the record was not tendered by the due date. He also blames the Arkansas Department of Correction for failing to allow him access to the prison library and "legal room."

When a petitioner fails to perfect an appeal in accordance with the prevailing rules of

procedure, the burden is on the petitioner, even if he is proceeding pro se, to establish good cause for the failure to comply with procedural rules. *Nelson v. State*, 2013 Ark. 316 (per curiam); *see also Sillivan v. Hobbs*, 2014 Ark. 88 (per curiam); *Betts v. State*, 2014 Ark. 72 (per curiam); *Davis v. State*, 2012 Ark. 340 (per curiam); *Walker v. State*, 283 Ark. 339, 676 S.W.2d 460 (1984) (per curiam). The petitioner here has not stated good cause for his failure to perfect the appeal.

This court has consistently held that it is not the responsibility of the circuit clerk, the circuit court, or anyone other than the appellant to perfect an appeal. *Meadows v. State*, 2012 Ark. 374 (per curiam); *Perry v. State*, 2010 Ark. 84 (per curiam). Petitioner's shifting of responsibility to perfect the appeal from himself to the circuit clerk does not, in itself, constitute a showing of good cause. *See Neely v. State*, 2012 Ark. 423 (per curiam).

As to the fault placed by petitioner on the Arkansas Department of Correction, this court has taken judicial notice that appeals from postconviction orders are frequently lodged in this court by incarcerated persons. *See McDaniel v. Hobbs*, 2013 Ark. 107 (per curiam); *see also Sillivan*, 2014 Ark. 88. The fact that those appeals are perfected by persons who also may be assumed to face certain hurdles occasioned by their incarceration suggests that procedural rules governing appeals are not unduly burdensome. *See McDaniel*, 2013 Ark. 107. We have made it abundantly clear that we expect compliance with the rules of this court so that appeals will proceed as expeditiously as possible. *Sillivan*, 2014 Ark. 88; *Smith v. State*, 2011 Ark. 367 (per curiam).

Motion denied.

*Michael Martin*, pro se petitioner.

No response.