SLIP OPINION

Cite as 2014 Ark. 189

# SUPREME COURT OF ARKANSAS

No. CV-14-227

| | |
|---|---|
| RICHARD D. DAY, JR.<br>PETITIONER<br><br>v.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>RESPONDENT | Opinion Delivered   April 24, 2014<br><br>PRO SE MOTION AND AMENDED<br>MOTION FOR RULE ON CLERK<br>[LEE COUNTY CIRCUIT COURT, NO.<br>39CV-13-61]<br><br>HONORABLE RICHARD L.<br>PROCTOR, JUDGE<br><br>MOTION AND AMENDED MOTION<br>DENIED. |

### PER CURIAM

In 2013, petitioner Richard D. Day, Jr., who was incarcerated in a prison facility in Lee County by virtue of multiple felony convictions, filed in the Lee County Circuit Court a pro se petition for writ of habeas corpus.[1]  The circuit court denied the petition.

Petitioner timely filed a notice of appeal from the order on July 2, 2013, but he did not tender the record to this court as required by Arkansas Rule of Appellate Procedure–Criminal 4(b) (2013), which provides that a record must be tendered within ninety days of the date of the notice of appeal.  The record was tendered as a sheaf of loose documents on November 8, 2013, 129 days after the notice of appeal was filed.

On March 11, 2014, petitioner filed the instant motion and amended motion seeking to lodge the record belatedly and proceed with the appeal.  As grounds for the request, petitioner contends the following: he was unfamiliar with legal procedure and was not informed by either

---

[1]As of the date of this opinion, petitioner remains in custody in Lee County.

SLIP OPINION

the clerk of the circuit court or the clerk of this court how to perfect the appeal or informed that he could lodge the appeal without submitting the appellant's brief with the record; personnel in the mail room where he is incarcerated confiscated an envelope addressed to him, which contained copies of repealed statutory provisions that he wished to incorporate into his appeal.

A petitioner has the right to appeal a ruling on a petition for postconviction relief. *See Burgess v. State*, 2010 Ark. 34 (per curiam); *see also Hogue v. State*, 2012 Ark. 171 (per curiam); *Brewer v. State*, 2010 Ark. 59 (per curiam). Along with that right, however, goes the responsibility to comply with our rules of procedure. *Burgess*, 2010 Ark. 34. When the record on appeal is not timely tendered, this court may only act on those cases where the movant shows good cause for the omission. *Id.* The mere lack of familiarity with legal procedure, in itself, does not excuse the failure to conform to procedural rules. *See Raines v. State*, 336 Ark. 49, 983 S.W.2d 424 (1999) (per curiam); *see also Garner v. State*, 293 Ark. 309, 737 S.W.2d 637 (1987) (per curiam) (citing *Grain v. State*, 280 Ark. 161, 655 S.W.2d 425 (1983) (per curiam)). Even if the petitioner is proceeding pro se, it is his burden to establish good cause for the failure to comply with procedural rules. *Nelson v. State*, 2013 Ark. 316 (per curiam); *see also Sillivan v. Hobbs*, 2014 Ark. 88 (per curiam); *Betts v. State*, 2014 Ark. 72 (per curiam); *Davis v. State*, 2012 Ark. 340 (per curiam); *Walker v. State*, 283 Ark. 339, 676 S.W.2d 460 (1984) (per curiam).

This court has consistently held that it is not the responsibility of the circuit clerk, the circuit court, or anyone other than the appellant to perfect an appeal. *Meadows v. State*, 2012 Ark. 374 (per curiam); *Perry v. State*, 2010 Ark. 84 (per curiam). Petitioner's contention that the court clerks were obliged to inform him of proper procedure is inaccurate; the onus is not on the court

clerk to advise an appellant. *See Beavers v. State*, 341 Ark. 649, 19 S.W.3d 23 (2000) (per curiam) (citing *Lewis v. State*, 295 Ark. 165, 747 S.W.2d 91 (1988) (per curiam)).

Petitioner's claim that personnel in the prison mail room did not give him his mail is also not a showing of good cause for petitioner's late tender of the record to this court. While the envelope may have contained papers that petitioner desired to use on appeal, presumably in his appeal brief, not obtaining those papers does not explain why the record was submitted late. If the papers in the envelope were not a part of the habeas petition that was before the circuit court when it ruled on the petition, those papers would not have been needed for the appeal record. If the papers were a part of the habeas petition, then those papers would have been a part of the record that could have been obtained from the circuit clerk and tendered here within ninety days of the date of the notice of appeal.

This court has taken judicial notice that appeals from postconviction orders are frequently lodged in this court by incarcerated persons. *See McDaniel v. Hobbs*, 2013 Ark. 107 (per curiam); *see also Sillivan*, 2014 Ark. 88. Those appeals are perfected by persons who also may be assumed to face certain hurdles occasioned by their incarceration, indicating that the procedural rules governing appeals are not unduly burdensome. *See McDaniel*, 2013 Ark. 107. We have made it abundantly clear that we expect compliance with the rules of this court so that appeals will proceed as expeditiously as possible. *Sillivan*, 2014 Ark. 88; *Smith v. State*, 2011 Ark. 367 (per curiam). In accordance with the precedent of this court, petitioner is not entitled to proceed with an appeal of the habeas order.

Motion and amended motion denied.

*Richard D. Day, Jr.*, pro se petitioner.

No response.