SLIP OPINION

Cite as 2014 Ark. 339

# SUPREME COURT OF ARKANSAS

No. CV-14-485

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** July 31, 2014 |
| BENJAMIN OLIVER | PETITIONER | PRO SE MOTION FOR BELATED APPEAL OF ORDER [LEE COUNTY CIRCUIT COURT, NO. 39CV-13-4] |
| V. | | |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | RESPONDENT | HONORABLE L.T. SIMES, JUDGE |
| | | MOTION DENIED. |

## PER CURIAM

In 2013, petitioner Benjamin Oliver filed a pro se petition for writ of habeas corpus in the circuit court in Lee County where he is incarcerated.[1] The circuit court denied the petition. No appeal was taken, and petitioner now seeks leave to proceed with a belated appeal.

Arkansas Rule of Appellate Procedure–Civil 4(a) (2013) requires that a notice of appeal be filed within thirty days of the date an order is entered. Petitioner contends that he did not file a timely notice of appeal because he was not promptly notified by the circuit clerk that the order had been entered.

A petitioner has the right to appeal a ruling on a petition for postconviction relief, which includes the denial of a petition for writ of habeas corpus. *Sillivan v. Hobbs*, 2014 Ark. 88 (per curiam); *McDaniel v. Hobbs*, 2013 Ark. 107 (per curiam); *Wesley v. Harmon*, 2010 Ark. 21 (per

---

[1]As of the date of this opinion, petitioner remains incarcerated at the prison facility in Lee County.

curiam); *McClain v. Norris*, 2009 Ark. 428 (per curiam). If the petitioner fails to file a timely notice of appeal, a belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with proper procedure. *McDaniel*, 2013 Ark. 107; *Wesley*, 2010 Ark. 21; *Garner v. State*, 293 Ark. 309, 737 S.W.2d 637 (1987) (per curiam).

Even if the order was not promptly forwarded to petitioner, that fact in itself does not constitute good cause for petitioner's failure to follow procedure. In contrast to the denial of a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2013),[2] there is no absolute duty imposed in the statute on a judge or clerk to notify a petitioner that a petition for writ of habeas corpus has been denied. *Wesley*, 2010 Ark. 21; *McClain*, 2009 Ark. 428; Ark. Code Ann. §§ 16-112-101 to -123 (Repl. 2006).

Our law imposes a duty on lawyers and litigants to exercise reasonable diligence to keep up with the status of cases. *Wesley*, 2010 Ark. 21; *McClain*, 2009 Ark. 428. The pro se litigant receives no special consideration in this regard. *Wesley*, 2010 Ark. 21; *see also Tarry v. State*, 346 Ark. 267, 57 S.W.3d 163 (2001) (per curiam). It is not the responsibility of the circuit clerk, or anyone other than the party desiring to appeal, to perfect the appeal. *Day v. Hobbs*, 2014 Ark. 189 (per curiam). It was the duty of petitioner to file a timely notice of appeal, and he has not established good cause for his failure to do so.

Motion denied.

*Benjamin Oliver*, pro se petitioner.

No response.

---

[2]Arkansas Rule of Criminal Procedure 37.3(d) places an obligation upon the circuit court to promptly mail a copy of the order to the petitioner.