SLIP OPINION



Cite as 2014 Ark. 411

# SUPREME COURT OF ARKANSAS

No. CV-14-690

| | |
|---|---|
| KENNY JAMES TRAVIS, JR.<br>PETITIONER | Opinion Delivered October 2, 2014 |
| V. | PRO SE MOTION FOR RULE ON CLERK 2-2 AND BELATED APPEAL [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CV-14-9] |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION; WILLIAM STRAUGH, WARDEN<br>RESPONDENTS | HONORABLE JODI RAINES DENNIS, JUDGE<br><br>MOTION TREATED AS MOTION FOR BELATED APPEAL AND DENIED. |

## PER CURIAM

Petitioner Kenny James Travis, Jr., is an inmate incarcerated in the Arkansas Department of Correction. He filed a petition seeking a writ of habeas corpus in the Jefferson County Circuit Court, the circuit court in the county where he was incarcerated.[1] On June 6, 2014, the circuit court entered an order denying the petition for habeas relief. No timely notice of appeal was filed, and petitioner now seeks by pro se motion a "rule on clerk 2-2" and leave to proceed with a belated appeal of the order. We treat the motion as one for belated appeal and deny it. *See McCullough v. State*, 2010 Ark. 394 (per curiam) (holding that a motion for rule on clerk and belated appeal was properly treated as a motion for belated appeal where the notice of appeal was not timely filed).

The partial record before us reflects that petitioner filed a notice of appeal on July 15,

---

[1]As of the date of this opinion, petitioner remains incarcerated in a facility in Jefferson County.

2014. In that notice of appeal, which is the only notice of appeal contained in the record, and in his motion, petitioner indicates that he had previously mailed another notice of appeal to the circuit court clerk on June 24, 2014. He contends the earlier-mailed notice of appeal should have reached the clerk prior to the date on which his notice of appeal was due under Arkansas Rule of Appellate Procedure–Civil 4(a) (2013). Rule 4 requires that a notice of appeal be filed within thirty days of the date that the order was entered, which would apply in this case so that the notice of appeal must have been filed no later than Monday, July 7, 2014.[2]

A petitioner has the right to appeal a ruling on a petition for postconviction relief, which includes the denial of a petition for writ of habeas corpus. *Betts v. State*, 2014 Ark. 72 (per curiam). If a petitioner fails to file a timely notice of appeal, a belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with proper procedure. *Id.*

In his motion, petitioner reiterates his grounds for habeas relief stated in the habeas petition and asserts that the clerk was at fault concerning his failure to file a timely notice of appeal because there was adequate time from the date that he mailed his first notice of appeal in which to file it before the due date. He contends that this court should require the clerk to provide proof of when the earlier-mailed notice of appeal was received. He also appears to contend that the clerk was at fault for failing to provide him with a copy of the order or a file-marked copy of the earlier-mailed notice of appeal.

---

[2]The actual due day in this case fell on July 6, 2014, which was a Sunday. Because the clerk's office was not open on that date, the notice of appeal would have been timely if it had been received on the following Monday.

SLIP OPINION

To the extent that petitioner contends that this court should apply the prison mailbox rule, we have not adopted such a rule holding that an item is considered filed when it is placed in the prison mail room. *See McDaniel v. Hobbs*, 2013 Ark. 107 (per curiam). As this court stated in *McDaniel*, an item tendered to a court is considered filed on the date that it is received by the clerk. To the extent that petitioner is asserting the clerk's failure to mail a copy of the order or a file-marked copy of the earlier-mailed notice of appeal was good cause for his failure to file a timely notice of appeal, petitioner has not established that the clerk had such an obligation or that the asserted failure should provide good cause. *See Oliver v. Hobbs*, 2014 Ark. 339, ___ S.W.3d ___ (per curiam).

Although petitioner appears to allege that the earlier-mailed notice of appeal was received by the clerk at some point, petitioner has not demonstrated that the notice of appeal that he mailed June 24, 2014, was ever received by the clerk. The burden is on the petitioner to establish good cause for his failure to comply with proper procedure. *Kennel v. State*, 2014 Ark. 165 (per curiam). This burden applies even where the petitioner proceeds pro se, as all litigants must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not so conforming. *Id.*

It is not the responsibility of the circuit clerk, or anyone other than the party desiring to appeal, to perfect the appeal. *Sillivan v. Hobbs*, 2014 Ark. 88 (per curiam). Because petitioner does not demonstrate that he tendered a notice of appeal within the time for filing, that is, he has not demonstrated that the earlier-mailed notice of appeal was ever received by the circuit clerk, he does not demonstrate good cause for his failure to conform to the rules of procedure.

It was not the circuit clerk who was at fault for petitioner's failure to conform, and petitioner has not demonstrated good cause by showing that he did in fact file a timely notice of appeal and that fact was not properly reflected by the circuit court's record.

Because petitioner does not provide any ground for the motion that has merit, he has not established good cause for his failure to file a timely notice of appeal. *See Betts*, 2014 Ark. 72. The motion to proceed with a belated appeal is therefore denied.

Motion treated as motion for belated appeal and denied.

*Kenny James Travis, Jr.*, pro se appellant.

No response.