SLIP OPINION

Cite as 2014 Ark. 426

# SUPREME COURT OF ARKANSAS

No. CR-14-700

| | |
|---|---|
| ANDROUS HALL | Opinion Delivered October 9, 2014 |
| PETITIONER | |
| | PRO SE MOTION FOR BELATED |
| V. | APPEAL |
| | [PHILLIPS COUNTY CIRCUIT COURT, |
| | NO. 54CR-96-271] |
| STATE OF ARKANSAS | |
| RESPONDENT | HONORABLE L.T. SIMES, JUDGE |
| | |
| | MOTION TREATED AS MOTION FOR |
| | RULE ON CLERK AND DENIED. |

## PER CURIAM

In 2013, petitioner Androus Hall filed a pro se motion to dismiss and vacate a sentence imposed in the Phillips County Circuit Court. On January 30, 2014, the circuit court entered an order that denied the motion. Petitioner filed a notice of appeal on February 25, 2014, and he tendered a partial record to this court with a motion for belated appeal on August 15, 2014. The motion is now before us.

Because petitioner's notice of appeal was timely filed, we treat the motion for belated appeal as a motion for rule on clerk under Arkansas Supreme Court Rule 2-2 (2014). *Mitchael v. State*, 2012 Ark. 256 (per curiam). Arkansas Rule of Appellate Procedure–Criminal 4(b) (2014) requires that the record must be tendered to this court within ninety days of the date of the notice of appeal. When a petitioner fails to perfect an appeal in accordance with the prevailing rules of procedure, the burden is on the petitioner, even if he is proceeding pro se, to establish good cause for the failure to comply with procedural rules. *Martin v. State*, 2014 Ark. 187 (per

SLIP OPINION

curiam).

In the motion, petitioner asserts that the record was not timely tendered because the circuit clerk declined to prepare the record until petitioner's status as an indigent prisoner was "certified" by the court. In support of this argument, petitioner points to a motion for extension of time to file record and a motion to file a partial record that he filed in the circuit court. In the two motions, petitioner averred that the clerk had notified him that the fee for preparation of the record could not be waived until an order was entered granting petitioner's motion to proceed as a pauper, which had been filed on the same date as the notice of appeal. Petitioner now contends that the judge "returned the order granting leave to proceed in forma pauperis," but he also asserted in his motion for extension of time that the judge instructed petitioner that he must pay the fee. Petitioner claims that he showed proof that he had a zero balance in his trust account, and he appears to contend that he should therefore not be required to pay a filing fee.

The partial record before us does not contain an order either granting or denying petitioner's motion to proceed in forma pauperis. Petitioner has provided no documentation in support of his claim that the judge incorrectly ordered him to pay a filing fee to have the record prepared. In any case, it is petitioner's burden to provide a sufficient record for this court to address the merits of his claims. *Davis v. State*, 2012 Ark. 70 (per curiam); *see also Kennel v. State*, 2014 Ark. 165 (per curiam); *Bannister v. State*, 2013 Ark. 412 (per curiam).

Because petitioner has not provided a record sufficient to address the merits of his claims, he has failed to establish good cause for the procedural default. Because he has not

established good cause, he has not met his burden for relief on a motion for rule on clerk.

Motion treated as motion for rule on clerk and denied.

*Androus Hall*, pro se petitioner.

No response.