SLIP OPINION

Cite as 2017 Ark. 30

# SUPREME COURT OF ARKANSAS.
**No.** CV-16-1011

| | |
|---|---|
| TONY A. HICKMAN<br>                              PETITIONER<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>                              RESPONDENT | **Opinion Delivered** February 9, 2017<br><br>PRO SE MOTION FOR BELATED<br>APPEAL OF ORDER<br>[LEE COUNTY CIRCUIT COURT, NO.<br>39CV-16-40]<br><br>HONORABLE RICHARD L. PROCTOR,<br>JUDGE<br><br><u>MOTION DENIED</u>. |

**PER CURIAM**

Petitioner Tony A. Hickman is incarcerated in a unit of the Arkansas Department of Correction located in Lee County. On April 25, 2016, he filed in the Lee County Circuit Court a pro se petition for writ of habeas corpus, seeking release from custody. On May 2, 2016, an order was entered dismissing the petition on the ground that Hickman did not state a basis for issuance of the writ.

No appeal was taken from the May 2, 2016 order. Now before us is Hickman's pro se motion seeking to proceed with a belated appeal. Arkansas Rule of Appellate Procedure –Civil 4(a) (2016) requires that a notice of appeal be filed within thirty days of the date an order is entered. Here, the thirty-day period to file a timely notice of appeal ended June 1, 2016. Hickman's motion was filed here on November 10, 2016.

While a habeas proceeding is a civil matter, a petitioner may seek to proceed with a belated appeal of a ruling on a petition for postconviction relief, which includes the denial

SLIP OPINION

of a petition for writ of habeas corpus. *See Sullivan v. Hobbs*, 2014 Ark. 88 (per curiam); *see also Wesley v. Harmon*, 2010 Ark. 21, at 2. However, a belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with proper procedure by filing a timely notice of appeal and perfecting the appeal to this court. *Wesley*, 2010 Ark. 21, at 2. This court has consistently held that the burden to conform to procedural rules applies even where the petitioner proceeds pro se, as all litigants must bear the responsibility of conforming to the rules of procedure or demonstrating good cause for not so conforming. *McDaniel v. Hobbs*, 2013 Ark. 107, at 2 (per curiam). The pro se appellant receives no special consideration on appeal. *Id*. at 3. This court has made it abundantly clear that it expects compliance with the rules of this court so that appeals will proceed as expeditiously as possible. *Day v. Hobbs*, 2014 Ark. 189, at 3 (per curiam).

As his sole ground to permit a belated appeal, Hickman states that his petition for writ of habeas corpus had merit. He offers no reason for not filing a timely notice of appeal. Hickman has not stated a ground to grant a belated appeal because a mere statement that the underlying pleading had merit does not constitute a showing of good cause for the failure to abide by procedural rules. *Burgess v. State*, 2010 Ark. 34, at 2 (per curiam) (holding that the merit of the underlying petition was not at issue when determining whether a petitioner who failed to conform to procedural rules should be permitted to proceed with a belated appeal); *see also Perry v. State*, 2010 Ark. 84 (per curiam).

Motion denied.