Lonnie BRAGG *v.* STATE of Arkansas

RC 88-56                                    760 S.W.2d 878*

Supreme Court of Arkansas
Opinion delivered December 12, 1988

---

*Justice Purtle's dissenting opinion can be found at 764 S.W.2d 416.

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. In 1987 petitioner Bragg filed in circuit court a *pro se* petition to proceed pursuant to Criminal Procedure Rule 37. The petition was denied, and he subsequently filed a timely notice of appeal and designation of record but did not contact the court reporter about preparing the transcript on appeal. In 1988, after the time for lodging the record here had elapsed, petitioner filed in this court a petition for writ of mandamus in which he alleged that the lower court had not taken timely action to prepare the record on appeal. In an apparent reaction to the filing of the mandamus petition, the appeal record was prepared by the circuit court and forwarded to this court. Since the record was not tendered in a timely manner, petitioner could not lodge it in this court absent our granting a motion for rule on the clerk. In his motion, which is now before us, the petitioner relies primarily on the fact that there was a timely notice of appeal and that he relied on a fellow inmate for legal advice. There is no mention in the motion of petitioner's responsibility to order the record from the court reporter.

Criminal Procedure Rule 36.9 provides that a notice of

appeal "shall include either a certificate by the appealing party or his attorney that the transcript of the trial record has been ordered from the court reporter or a petition to obtain the record as a pauper if, for the purposes of the appeal, a transcript is deemed essential to resolve the issues on appeal." The notice of appeal filed by petitioner neither said that he had contacted the court reporter directly nor said that he was asking to obtain the record as a pauper. The record does not contain an order declaring him indigent for postconviction purposes or for an appeal of the denial of postconviction relief.

■■ While Rule 37.3(b) affords a right to appointment of counsel for an appeal by an indigent, there is no requirement under the rule that the circuit clerk perfect the appeal for the petitioner. In fact, even on direct appeal of a judgment of conviction where the defendant is entitled to be informed of his right to appeal, there is no requirement that he be informed of every procedure to be followed. Petitioner Bragg said in the notice of appeal that he had "requested the circuit court to cause the transcript of the designated record on appeal deemed essential to be ordered," but he does not say he contacted the court reporter nor is there any other evidence that he did so.

■■ All litigants, including those who proceed *pro se*, must bear responsibility for conforming to the rules of procedure or demonstrating a good cause for not doing so. *Peterson* v. *State*, 289 Ark. 452, 711 S.W.2d 830 (1986); *Perry* v. *State*, 287 Ark. 384, 699 S.W.2d 739 (1985); *Walker* v. *State*, 283 Ark. 339, 676 S.W.2d 460 (1984); *Thompson* v. *State*, 280 Ark. 163, 655 S.W.2d 424 (1983); *see also Philyaw* v. *State*, 288 Ark. 237, 704 S.W.2d 608 (1986). Petitioner here offers no explanation for his failure to contact the court reporter. His reliance on a fellow inmate for legal advice does not excuse him from following proper procedure. *Garner* v. *State*, 293 Ark. 309, 737 S.W.2d 637 (1987).

Motions denied.

HICKMAN and PURTLE, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. I agree with everything said in the majority opinion. But the decision is wrong because of what is not said.

The procedures in Arkansas for ordering transcripts in these kinds of cases are by no means uniform. In some counties, a *pro se* appellant, who is declared indigent, must only file a timely notice of appeal to receive a transcript at public expense. In some counties, the circuit judge informs the clerk that the appellant is indigent and, upon such notice, a record is prepared. In other counties, the circuit court does not take on this responsibility and the appellant himself must contact the court reporter.

So, if you are an indigent person in some counties, you get an appeal; if, unfortunately, you are like the petitioner, you lose. Justice can never be administered that way. The result is irrational, and we have to remedy the situation.

Since we cannot, and perhaps should not, tell certain counties to stop doing appellants a favor, we should simply see that appellants not so fortunate do not suffer. I would allow the record to be filed. That does not mean I alter my stand that Rule 37 should be repealed. But as long as it exists, we should prevent unfair procedural technicalities from depriving a defendant of access to the appellate court.

JOHN I. PURTLE, Justice, dissenting. The petitioner filed a request for relief pursuant to A.R.Cr.P. Rule 26.1 on February 27, 1987. He sought to vacate his guilty plea which had been entered some time before. He filed the petition and a form to proceed in forma pauperis in the circuit court on March 11, 1987. After having heard nothing on his petition, he filed a petition for writ of mandamus about July 28, 1987, in the Arkansas Supreme Court. After inquiry from the office of the Criminal Justice Coordinator, the trial court denied the petition to vacate the guilty plea. The request for relief was treated by the trial court as a Rule 37 petition. The request was denied on September 21, 1988, about seven months after it had been filed. Notice of appeal was filed on October 16, 1987.

On October 4, 1988, the petitioner filed a form in this court in order to comply with this court's in forma pauperis rule. A motion for belated appeal and rule on the clerk was filed on November 2, 1988, along with another in forma pauperis motion. The transcript, which consists of six pages, had already been forwarded to the clerk of this court.

Upon actual consideration of the petition, this court found a procedural error: the transcript was not timely ordered by the inmate. The court apparently fails to recognize that this notice of appeal and request to proceed in forma pauperis were forwarded from the maximum security unit at Cummins. That is hardly a place where one would expect an inmate to be able to contact the court reporter and order the record. The notice of appeal was filed by the petitioner. He was not notified that he needed to do anything other than what he had done. In this case, the court has decided that this inmate is not entitled to the consideration he would have been given if he had been represented by an attorney.

A.R.Cr.P. 36.9 governs the question presented in this appeal. This rule requires that the notice of appeal contain either a statement by the appellant or his attorney that the transcript has been ordered *or* a petition to obtain the record as a pauper. The latter option is exactly what the appellant did in this case. His petition to proceed as a pauper implicitly includes a request for a transcript.

Once a prisoner has been granted the right to proceed in forma pauperis, the court should automatically order the reporter to prepare the transcript for the inmate. It would take only a minute of the court's time. Moreover, the reporter is usually present at the proceedings. Conversely, it is a vain gesture to grant an appeal and then deny the appellant the right to perfect his appeal by refusing to furnish the record. This is yet another example of how far this court will go to affirm the conviction of a person by a trial court. In this case the court has gone beyond the bounds of reason and justice.