Elizabeth Gammon BROWN *v.*
POST-PRISON TRANSFER BOARD *et al.*

00–21                                                            32 S.W.3d 754

Supreme Court of Arkansas
Opinion delivered December 7, 2000

*Appellant,* pro se.

No response.

PER CURIAM. Elizabeth Gammon Brown, an inmate of the Arkansas Department of Correction, lodged an appeal in this court from an order of the Circuit Court of Pulaski County denying a *pro se* petition for writ of certiorari, or, in the alternative, for declaratory judgment. Appellant Brown, who is proceeding *pro se,* sought, and was granted, access to the record lodged on appeal and an extension of time to file the appellant's brief. *Brown v. Post-Prison Transfer Board* (March 25, 2000). Shortly before the appellant's brief was due to be filed, appellant filed several motions. We denied the motions but extended the time to file the appellant's brief to October 24, 2000. We specifically provided at that time that no further extensions of time to file the brief would be granted in light of the fact that the appeal was lodged here on January 6, 2000, and

appellant had had since that time to prepare her brief. *Brown v. Post-Prison Transfer Board*, 00-21 (September 14, 2000). On October 2, 2000, appellant filed the motion which is now before us, asking that she be granted another extension on the grounds that she has a trial in federal court to prepare for and her legal materials have been stored against her will and access to them can only be gained "at [her] own risk."

While incarcerated persons may have an increased burden in complying with procedural rules, this court has consistently held that all litigants, including those who proceed *pro se*, must bear responsibility for conforming to the rules of procedure or demonstrating a good cause for not doing so. *Bragg v. State*, 297 Ark. 348, 760 S.W.2d 878 (1988); *Peterson v. State*, 289 Ark. 452, 711 S.W.2d 830 (1986); *Perry v. State*, 287 Ark. 384, 699 S.W.2d 739 (1985); *Walker v. State*, 283 Ark. 339, 676 S.W.2d 460 (1984); *Thompson v. State*, 280 Ark. 163, 655 S.W.2d 424 (1983). The *pro se* appellant receives no special consideration on appeal. *See Gibson v. State*, 298 Ark. 43, 764 S.W.2d 617 (1989). Appellant Brown was allowed from January 6, 2000, to October 24, 2000, to file her brief. We do not find that she has stated sufficient cause to grant another extension of time.

Motion denied and appeal dismissed.