Michael A. WRENN *v.* STATE of Arkansas

CR 03-1146                                     141 S.W.3d 362

Supreme Court of Arkansas
Opinion delivered January 15, 2004

*Petitioner, pro se.*

No response.

PER CURIAM. On September 8, 2003, judgment was entered reflecting that Michael A. Wrenn had been found guilty in a jury trial of three counts of domestic battering and sentenced to three concurrent terms of 240 months' imprisonment. The public defender who had represented Wrenn was relieved as counsel on September 9, 2003. In the order, the trial court held that Wrenn was indigent and that the appellate court should bear the cost of the appellate attorney's fee because the public defender's office could not handle appellate work without seriously compromising its ability to

handle trial work. In an amended order entered September 17, 2003, the trial court said that "the Jefferson County Circuit Court shall appoint an attorney to represent the defendant herein, and the Arkansas Court of Appeals shall bear the costs of such representation." The court further directed the State to bear the expense of preparing the transcript.

Counsel was apparently not appointed because on September 19, 2003, Wrenn filed a timely *pro se* notice of appeal. He subsequently lodged a partial record in this court and filed the instant motion asking that counsel be appointed to represent him. It is not clear why the circuit court did not appoint an attorney in accordance with its September 17, 2003, order; and in failing to do so the court violated Arkansas Rule of Criminal Procedure 16(b) (2000).

Rule 16(b) provides in pertinent part:

> If court appointed counsel is permitted to withdraw in the interest of justice or for other sufficient cause in a direct appeal of a conviction...new counsel *shall* be appointed promptly by the court exercising jurisdiction over the matter of counsel's withdrawal. [Emphasis added.]

Here, appointed counsel was allowed to withdraw and, although the court said in its order of September 17, 2003, that "the Jefferson County Circuit Court shall appoint an attorney to represent the defendant," no attorney was appointed. Appellant was thus left to fend for himself and file a *pro se* notice of appeal.

The direct appeal of a conviction is a matter of right, and a criminal defendant is entitled to representation by counsel on his or her first appeal of right. *Douglas v. California*, 372 U.S. 353 (1963). This right applies to indigent defendants on direct appeal of a judgment of conviction. *Ross v. Moffitt*, 417 U.S. 600 (1974). Appellant was clearly entitled to appointment of an attorney to represent him but denied the right to counsel as set out in Rule 16(b). The failure of the court to appoint other counsel when it relieved the trial attorney was unacceptable. Rule 16(b) imposes a duty on the court that must be complied with to ensure that the convicted defendant is not denied his right to a first appeal.

■ Attorney Daniel Becker is appointed to represent the appellant. While appellant declared in the *pro se* notice of appeal that the transcript had been ordered from the court reporter, counsel is directed to contact the reporter promptly to determine if the record is indeed in the process of being prepared. If counsel determines that the record is not being readied, he should file within thirty days of the date of this opinion a petition for writ of *certiorari* to bring up the record.

Motion granted.