Steven EVANS *v.* STATE of Arkansas

CR 03-1145 151 S.W.3d 314

Supreme Court of Arkansas
Opinion delivered March 4, 2004

*Petitioner, pro se.*

No response.

PER CURIAM. On May 5, 2003, judgment was entered reflecting that Steven Evans had been found guilty by a jury of murder in the second degree and sentenced to 180 months' imprisonment. Evans also entered a plea of guilty to the offense of failure to appear and was sentenced by a jury to thirty-six months' imprisonment to be served consecutively to the 180-month term.

Counsel for Evans filed a timely motion for new trial, which was denied on May 23, 2003. On June 6, 2003, an order was entered by the court relieving Evans's attorney.

On July 3, 2003, Evans filed an untimely *pro se* notice of appeal from the judgment. He subsequently sought to proceed with a belated appeal pursuant to Rule 2(e) of the Rules of Appellate Procedure—Criminal, which permits a belated appeal in a criminal case in some instances. We denied the motion. *Evans v. State*, CR 03-1145 (Ark. December 18, 2003) *(per curiam)*. Petitioner now asks that we reconsider the motion for belated appeal.

We denied the motion for belated appeal because petitioner knew that counsel had been relieved and yet took no action to inform the court of his desire to appeal and request appointment of counsel. In the motion for reconsideration petitioner points out that the trial court appointed counsel in an albeit invalid order entered after the *pro se* notice of appeal was filed.[1] He contends that this clearly illustrates that the court was aware that he desired to appeal and further desired appointment of counsel to represent

---

[1] The trial court subsequently vacated its order. Pursuant to Ark. R. App. P.—Crim. 16, once a notice of appeal is filed, this court has exclusive jurisdiction to relieve or appoint counsel.

him. As we accept petitioner's argument that he had made known to the court his desire to appeal as evidenced by the trial court's invalid order appointing counsel, the motion to proceed with a belated appeal is granted.

 It is not clear why the circuit court did not appoint an attorney when it relieved counsel. In failing to appoint counsel after the motion for new trial was denied, the court violated Arkansas Rule of Criminal Procedure 16(b) (2000). *See Wrenn v. State*, 355 Ark. 558, 141 S.W.3d 362 (2004) (*per curiam*).

 Rule 16(b) provides in pertinent part:

> If court appointed counsel is permitted to withdraw in the interest of justice or for other sufficient cause in a direct appeal of a conviction...new counsel *shall* be appointed promptly by the court exercising jurisdiction over the matter of counsel's withdrawal. (emphasis added).

Here, appointed counsel was allowed to withdraw while the court had jurisdiction of the case, leaving a convicted defendant to fend for himself within the time allowed for a notice of appeal to be filed. It must be stressed that when the trial court relieves counsel within the thirty-day period allowed to file a notice of appeal, the court has the obligation to appoint other counsel promptly so that the convicted defendant will be represented by an attorney if he elects to proceed with a direct appeal of the judgment of conviction. If counsel is not appointed, the defendant's right to proceed with a first appeal as a matter of right is impermissibly curtailed in that the defendant has no attorney to whom he may communicate his desire to appeal so that a timely notice can be filed. The direct appeal of a conviction is a matter of right, and a criminal defendant is entitled to representation by counsel on his or her first appeal of right if he desires to appeal. *Douglas v. California*, 372 U.S. 353 (1963). This right applies to indigent defendants on direct appeal of a judgment of conviction. *Ross v. Moffitt*, 417 U.S. 600 (1974)

Attorney Scott A. Scholl is appointed to represent the appellant. A writ of *certiorari* is issued to bring up the record on appeal.

Motion for reconsideration granted; motion for belated appeal granted.