Steve ROBINSON *v.* STATE of Arkansas

CR 03-1251                                    200 S.W.3d 905

Supreme Court of Arkansas
Opinion delivered January 13, 2005

Appellant, *pro se*.

No response.

PER CURIAM. Steve Robinson was found guilty by a jury of terroristic threatening and sentenced by the court to 120 months' imprisonment. The court of appeals affirmed. *Robinson v. State*, CACR 02-558 (Ark. App. April 30, 2003). Robinson subse-

quently filed in the trial court a timely petition pursuant to Criminal Procedure Rule 37.1 seeking to vacate the judgment. The petition was denied, and the record on appeal from the order has been lodged here.

Appellant Robinson sought and was granted an extension of time to file the appellant's brief, making the brief due on March 30, 2004. *Robinson v. State*, CR 03-1251 (Ark. February 19, 2004) (*per curiam*). On July 8, 2004, appellant tendered one copy of the brief with a motion to file a belated brief and a motion asking that the brief be duplicated at public expense.

We granted the motion, declaring that appellant would be allowed one *final* opportunity to submit a brief in this appeal. The motion to have the brief duplicated at public expense was denied. *Robinson v. State*, CR 03-1251 (Ark. October 14, 2004) (*per curiam*).

The appellant's brief was due October 28, 2004. He tendered on that date two separate items, one of which was entitled "Appellant's Brief"and the other "Brief for Appellant." (No copies of either was received.) It was not clear whether the two items were intended to be one brief or were submitted as separate briefs. Neither contained a proper addendum.

The two briefs were returned to appellant because neither could be filed as the appellant's brief. He was advised to submit seventeen copies of a brief that conformed to the rules of this court no later than November 4, 2004.

On November 8, 2004, appellant tendered two separate items entitled "Appellant's Brief" and "Brief in Support." (Seventeen copies of each were received.) He also submitted the instant motion for rule on clerk seeking to file the two belatedly as one brief. He contends that to deny him the right to file the brief in the form tendered would constitute a denial of access to the court. He further states that the reason he did not submit an addendum is that he had only copy of the order being appealed and it was not returned to him when he tendered the brief here in July. He urges this court to consider that he is an indigent prison inmate. He also asks that the requirement that he serve the brief on the appellee be wavied.

This appeal was lodged on November 3, 2003. Appellant has been afford more than one year to submit a brief that conforms to our rules. While he is proceeding *pro se* and is incarcerated, neither factor in itself entitles him to special consid-

eration on appeal. *Brown v. Post-Prison Transfer Bd.* 343 Ark. 118, 32 S.W.3d 754 (2000) *(per curiam); see Gibson v. State,* 298 Ark. 43, 764 S.W.2d 617 (1989) *(per curiam).* We take notice that this court has many appeals on its docket in which the appellant is both *pro se* and incarcerated and yet manages to submit a brief in less than one year's time. As appellant has been given ample opportunity to submit a conforming brief and has failed to do so, the motion to file a belated nonconforming brief is denied and the appeal is dismissed. The motion to waive service is accordingly moot.

Motion for rule on clerk to file belated nonconforming brief denied and appeal dismissed; motion for waives of service moot.