Christopher BRANNING *v.* STATE of Arkansas

CR 05-989                    214 S.W.3d 237

Supreme Court of Arkansas
Opinion delivered September 29, 2005

*Erwin R. Davis*, for appellant.

No response.

P ER CURIAM. Appellant Christopher Branning, by and through his attorney, Erwin L. Davis, has filed a motion for rule on clerk. The due date for lodging the transcript, as extended, was August 31, 2005. In the motion, Mr. Davis states that appellant's transcript was "properly delivered on said day but apparently arrived about one hour late, . . . [and] the inability of the courier to arrive on time was due to excusably [sic] neglect or unavoidable delay[.]" The docket sheet reveals that the record was tendered on September 1, 2005.

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." 356 Ark. at 116, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in

declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

■ It is plain from appellant's motion that there was error on Mr. Davis's part. Mr. Davis appears to place blame on the courier, but this court has specifically held that it is not the responsibility of the circuit clerk, circuit court, or anyone other than the appellant to perfect an appeal. *See Sullivan v. State*, 301 Ark. 352, 784 S.W.2d 155 (1990). The motion is granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted. This *per curiam* order renders appellant's pro se motion moot.