Lee Mark HARRIS *v.* STATE of Arkansas

CR 08-762

288 S.W.3d 645

Supreme Court of Arkansas
Opinion delivered October 30, 2008

*Donald E. Warren,* for petitioner.

No response.

PER CURIAM. On November 27, 2007, a jury found petitioner Lee Mark Harris guilty of possession of cocaine with intent to deliver and sentenced him to 960 months' imprisonment in

the Arkansas Department of Correction. The judgment was entered on December 14, 2007, and on December 10, 2007, trial counsel representing petitioner, Mr. Don Warren, filed a notice of appeal. The appeal was not perfected and petitioner filed a pro se motion for belated appeal. We treated the motion for belated appeal as a motion for rule on clerk to lodge the record and granted it.

In our per curiam on October 2, 2008, we directed petitioner's retained counsel to file a petition for writ of certiorari to call up the entire record, as only a partial record had been filed. *Harris v. State*, CR08-762 (Ark. Oct. 2, 2008) (unpublished per curiam). Mr. Warren has filed the petition as directed and we grant petitioner thirty (30) days to complete the record.

Mr. Warren also moves this court to be relieved as attorney of record. He argues that "the interests of petitioner, Lee Mark Harris, would be best served if he is allowed to proceed in the manner he has requested," apparently referring to Harris's pro se request to proceed in forma pauperis.

We note that in his motion for pro se belated appeal (which we treated as a motion for rule on clerk) Mr. Harris states that he asked Mr. Warren to "appeal my case" and that Mr. Warren said yes, but later wanted to "charge me to do my appeal." We further note that nothing is before this court whereby Mr. Harris asks us to discharge Mr. Warren.

Mr. Warren, as counsel for petitioner, was obligated to lodge a record in the appellate court in order to preserve the appeal. *See Langston v. State*, 341 Ark. 739, 19 S.W.3d 619 (2000) (per curiam). Under Arkansas Rule of Appellate Procedure–Criminal 6(a), once an attorney represents a defendant in a criminal matter, the attorney is obligated to continue representing the defendant until relieved by the appropriate court. *See Hammon v. State*, 347 Ark. 267, 65 S.W.3d 853 (2002). It is well settled that under no circumstances may an attorney who has not been relieved by the court abandon an appeal. *Holland v. State*, 358 Ark. 366, 190 S.W.3d 904 (2004) (per curiam). For these reasons, Mr. Warren's motion to be relieved as counsel is denied.

Petition for writ of certiorari to complete the record granted. Motion to be relieved as counsel denied.