375 Ark. 476

**Lee Mark HARRIS, Petitioner,**

v.

**STATE of Arkansas, Respondent.**

**No. CR 08–762.**

Supreme Court of Arkansas.

Jan. 30, 2009.

Don Warren, for appellant.

No response.

PER CURIAM.

On November 27, 2007, a jury found petitioner Lee Mark Harris guilty of possession of cocaine with intent to deliver and sentenced him to 960 months' imprisonment in the Arkansas Department of Correction. The judgment was entered on December 14, 2007, and on December 10, 2007, trial counsel representing petitioner, Mr. Don Warren, filed a notice of appeal. The appeal was not perfected and petitioner filed a pro se motion for belated appeal. We treated the motion for belated appeal as a motion for rule on clerk to lodge the record and granted it.

In our per curiam on October 2, 2008, we directed petitioner's retained counsel to file a petition for writ of certiorari to call up the entire record, as only a partial record had been filed. *Harris v. State,* CR08–762 (Ark. Oct. 2, 2008). Mr. Warren filed the petition as directed, and we granted petitioner thirty (30) days to complete the record. *Harris v. State,* 374 Ark. 529, 288 S.W.3d 645 (2008). Thus, the record was to be completed and lodged with this court by November 29, 2008.

On January 7, 2009, Mr. Warren filed a "motion to accept belated brief on writ of certiorari," which we will treat as a motion to file a belated return of writ. In the motion, Mr. Warren states that he did not receive the record until January 6, 2009. The affidavit attached to the motion, however, states that the transcript was delivered to the Warren Law Firm on "December 6, 2009." In any case, although Mr. Warren states that "the delay was in no part attributable to the defendant," and it is clear that he is attempting to place blame on the court reporter who prepared the transcript, this court has specifically held that it is not the responsibility of the circuit clerk, circuit court, or anyone other than the appellant to perfect an appeal. *Branning v. State,* 363 Ark. 369, 214 S.W.3d 237 (2005). Because there is presumption of prejudice arising from the failure of counsel to perfect an appeal if counsel's deficient performance led to the forfeiture of the convicted defendant's right to pursue a direct appeal, *see Langston v. State,* 341 Ark. 739, 19 S.W.3d 619 (2000), we grant the motion. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.