

# SUPREME COURT OF ARKANSAS

**No.** CR-14-205

CLIFFORD UPSHAW, JR.

PETITIONER

V.

STATE OF ARKANSAS

RESPONDENT

**Opinion Delivered** April 10, 2014

PRO SE MOTION FOR BELATED APPEAL OF ORDER [CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT, NO. 16CR-10-1176]

MOTION TREATED AS MOTION FOR RULE ON CLERK AND  DENIED.

**PER CURIAM**

On July 29, 2013, an order was entered in the Craighead County Circuit Court, Western District, denying a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013) filed by petitioner Clifford Upshaw, Jr.  Petitioner timely filed a notice of appeal from the order on August 13, 2013, but he did not tender the record to this court as required by Arkansas Rule of Appellate Procedure–Criminal 4(b) (2013), which provides that a record must be tendered within ninety days of the date of the notice of appeal.  The record was tendered 163 days after the notice of appeal was filed.

On March 5, 2014, petitioner filed the instant motion seeking to lodge the record belatedly and proceed with the appeal.  As the notice of appeal was timely with respect to the order, the motion is properly treated as a motion for rule on clerk to perfect the appeal, pursuant to Arkansas Supreme Court Rule 2-2(b) (2013) rather than as a motion for belated appeal. *Wilmoth v. State*, 2010 Ark. 315 (per curiam); *see also Standridge v. State*, 2013 Ark. 134 (per curiam). As grounds for the motion, petitioner contends that it was the circuit clerk's responsibility to

SLIP OPINION

tender the record by the due-date.

Petitioner has not stated good cause for his failure to perfect the appeal. This court has consistently held that it is not the responsibility of the circuit clerk, circuit court, or anyone other than the appellant to perfect an appeal. *Sillivan v. Hobbs*, 2014 Ark. 88 (per curiam); *Meadows v. State*, 2012 Ark. 374 (per curiam); *Perry v. State*, 2010 Ark. 84 (per curiam); *Branning v. State*, 363 Ark. 369, 214 S.W.3d 237 (2005) (per curiam). All litigants, including those who proceed pro se, must bear responsibility for conforming to the rules of procedure or demonstrate a good cause for not doing so. *Davis v. State*, 2012 Ark. 340 (per curiam); *Walker v. State*, 283 Ark. 339, 676 S.W.2d 460 (1984) (per curiam). We have made it abundantly clear that we expect compliance with the rules of this court so that appeals will proceed as expeditiously as possible. *Sillivan*, 2014 Ark. 88; *Smith v. State*, 2011 Ark. 367 (per curiam). Petitioner's claim that it was entirely the clerk's responsibility to perfect the appeal is not well founded.

Motion treated as motion for rule on clerk and denied.

*Clifford Upshaw, Jr.*, pro se petitioner.

No response.