SLIP OPINION

Cite as 2015 Ark. 353

# SUPREME COURT OF ARKANSAS

No. CR-15-605

|  |  |
|---|---|
| IVORY PURIFOY<br><br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | Opinion Delivered October 1, 2015<br><br>PRO SE MOTION FOR BELATED APPEAL OF ORDER<br>[PULASKI COUNTY CIRCUIT COURT, NO. 60CR-96-1346]<br><br>HONORABLE WENDELL GRIFFEN, JUDGE<br><br>MOTION DENIED. |

**PER CURIAM**

In 1996, petitioner Ivory Purifoy entered a plea of guilty to multiple felony offenses in the Pulaski County Circuit Court. An aggregate sentence of 720 months' imprisonment was imposed. In 2014, Purifoy filed in the circuit court a pro se "Petition for Declaratory Judgment That a Breach of Plea Agreement Occurred and Request for Order Nunc Pro Tunc." The petition was denied on December 3, 2014. No appeal was taken, and Purifoy now seeks leave from this court to proceed with a belated appeal.

Purifoy's sole ground for the request to proceed with a belated appeal is the claim that the clerk of the circuit court did not provide him with a copy of the order in time for him to submit a notice of appeal within thirty days of the date that the order was entered in accordance with Arkansas Rule of Appellate Procedure–Criminal 2(a)(4) (2014).

This court has consistently held that it is not the responsibility of the circuit clerk, the circuit court, or anyone other than the appellant to perfect an appeal. *Butler v. State*, 2015 Ark.

173, at 3 (per curiam). The duty to conform to procedural rules applies even when the petitioner proceeds pro se, as all litigants must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not so conforming. *Belts v. State*, 2013 Ark. 72 (per curiam). Compliance with the rules of this court is required so that appeals will proceed as expeditiously as possible. *Nutt v. State*, 2015 Ark. 103, at 3 (per curiam).

It is further noted that, even if the appeal were allowed to proceed, Purifoy could not prevail. Purifoy's petition alleged that the date on which he would become eligible for parole has been wrongly calculated. Because parole eligibility is within the domain of the executive branch and the judiciary has no jurisdiction over how parole eligibility is determined, the circuit court did not have authority to grant the relief sought by Purifoy. *See Johnson v. State*, 2012 Ark. 212. Parole eligibility is within the prerogative of the Arkansas Department of Correction. *Id.* at 3.

Moreover, to the extent that Purifoy couched his petition as a petition for postconviction relief challenging the plea agreement in his criminal case, the petition was not timely filed in the circuit court. In Arkansas, a petitioner alleging that he is entitled to collaterally challenge a judgment of conviction entered on a plea of guilty is obligated to bring that claim in a timely petition pursuant to Arkansas Rule of Criminal Procedure 37.1 or a timely petition to correct sentence under Arkansas Code Annotated section 16-90-111. With respect to Rule 37, when a petitioner enters a plea of guilty, any petition for postconviction relief must be filed within ninety days of the date that the judgment was entered of record. Ark. R. Crim. P. 37.2(c)(i). The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, the

trial court lacks jurisdiction to grant postconviction relief. *State v. Tejeda-Acosta*, 2013 Ark. 217, at 9, 427 S.W.3d 673, 678. Purifoy's petition was filed approximately eighteen years after the judgment in his case was entered; thus, his petition was untimely under the Rule.

As to Arkansas Code Annotated section 16-90-111, unless a petitioner is contending that a judgment is illegal on its face, he is obligated to raise all claims for postconviction relief in a timely petition under Rule 37.1 because Rule 37.1 superseded the statute in part. Those claims filed pursuant to 16-90-111(a)(b)(1) for correction or reduction of a sentence imposed in an illegal manner are governed by the time limitations in the Rule. *Perez v. State*, 2015 Ark. 120, at 2 (per curiam) (Regardless of the label placed on a pleading by the petitioner, a pleading that mounts a collateral attack on a judgment seeking to correct a sentence imposed in an illegal manner is governed by the time provisions of the Rule.). Purifoy did not contend that the judgment in his case was facially illegal. Therefore, his petition was untimely under the statute as well as under the Rule.[1]

Motion denied.

---

[1]In 2012, Purifoy raised essentially the same issue in a prior petition to the circuit court, arguing that the judgment was subject to collateral challenge because he was unaware at the time he entered the guilty plea of the length of time he would be required to serve before becoming eligible for parole. The petition was denied, and this court dismissed Purifoy's appeal from the order on the basis that the petition was controlled by the time limitations set by Rule 37.2(c)(i). *Purifoy v. State*, 2015 Ark. 26 (per curiam).