SLIP OPINION

Cite as 2016 Ark. 47

# SUPREME COURT OF ARKANSAS

**No.** CV-15-931

| | |
|---|---|
| CARL DAVIS, JR.<br><br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS ET AL.<br>RESPONDENTS | **Opinion Delivered** February 4, 2016<br><br>PRO SE MOTION TO FILE BELATED APPEAL AND RULE ON CLERK [LINCOLN COUNTY CIRCUIT COURT, NO. 40CV-14-66]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>MOTION DENIED</u>. |

**PER CURIAM**

Petitioner Carl Davis, Jr., filed a petition for declaratory judgment and writ of mandamus in the Lincoln County Circuit Court in which he sought a declaratory judgment concerning the calculation of his parole eligibility date and a writ of mandamus directing a number of state officers and employees to recalculate it. On April 17, 2015, the circuit court entered an order that denied the petition, and, on September 13, 2015, Davis filed his notice of appeal. When the record was tendered to this court, our clerk declined to lodge it because the notice of appeal was not timely. Davis filed the instant motion requesting permission to proceed with an appeal through rule on clerk or by belated appeal. We deny the motion.

Under Arkansas Rule of Appellate Procedure–Civil 4(a) (2015), Davis was required to file his notice of appeal within thirty days of the date of the entry of the order to be appealed unless an extension of time was granted in accord with the rule. Our clerk was

SLIP OPINION

not mistaken in concluding that the notice of appeal was not timely, and Davis does not contend that he filed the notice of appeal within the required time.

Instead, Davis asserts that, because the circuit court failed to promptly mail the order to him, he was not properly notified of the April 17, 2015 order and he should be excused for failing to timely file his notice of appeal. He alleges that he did not receive a copy of the order until September 2, 2015; that the copy of the order was enclosed with a letter to him from the clerk dated August 31, 2015; and that the clerk's letter indicated the judge's office had advised the clerk that the order had been mailed to Davis from that office. The record includes the clerk's letter to Davis as he described it, and the clerk's letter appears to have been sent in response to Davis's August 31, 2015 motion requesting a status update in the matter.

Davis cites Arkansas Supreme Court Rule 2-2 (2015) for rule on clerk, but, if the notice of appeal was filed late, the motion is properly treated as one for belated appeal. *See Johnson v. State*, 2015 Ark. 195 (per curiam). Under Arkansas Rule of Appellate Procedure–Criminal 2(e), this court may act upon and decide a case in which the notice of appeal was not filed in the time prescribed when a good reason for the omission is shown. *See Bean v. State*, 2014 Ark. 440 (per curiam). This proceeding was a civil matter, but this court treats declaratory-judgment proceedings as applications for postconviction relief in those instances where a petitioner seeks relief from the conditions of incarceration. *Cridge v. Hobbs*, 2014 Ark. 153 (per curiam).

Davis cites *Berks v. State*, 2015 Ark. 234, 463 S.W.3d 289 (per curiam) in support of the proposition that he has shown good cause for the delay in filing the notice of appeal.

SLIP OPINION

But, *Berks* concerned a situation in which the circuit court was obligated to provide notice of the denial of a petition under Arkansas Rule of Criminal Procedure 37.1.

Arkansas Rule of Criminal Procedure 37.3(d) (2015) contains a mandatory requirement that the circuit court provide prompt notice to the petitioner of an order entered on a Rule 37.1 petition. *Nelson v. State*, 2013 Ark. 316 (per curiam). This court has recognized good cause to excuse a petitioner's failure to timely file a notice of appeal in cases where the circuit court has failed to abide by Rule 37.3(d). *Green v. State*, 2015 Ark. 198 (per curiam). Under circumstances such as those in the instant proceedings, that is, where there was no absolute duty imposed on a judge or a clerk to notify the petitioner that a petition for postconviction relief had been denied, a failure to provide timely notice of the denial does not in itself constitute good cause for the failure to file a timely notice of appeal. *Barber v. State*, 2015 Ark. 267 (per curiam).

Although he filed his notice of appeal 149 days after entry of the April 17, 2015 order, Davis failed to file a motion seeking an extension of time under Arkansas Rule of Appellate Procedure–Civil 4(b)(3) within 180 days of entry of the order, and he offers no reason why he did not seek an extension under Rule 4(b)(3). Our law imposes a duty on lawyers and litigants to exercise reasonable diligence to keep up with the status of their cases, and pro se litigants are held to the same standard as licensed attorneys. *Id.* Davis contends that he was not at fault, and, as noted, he filed a motion seeking the status of the case. Yet, Davis became aware of the April 17, 2015 order well within the period of time for filing a motion for an extension of time in which to file his notice of appeal under Rule 4.

If Davis had exercised diligence in checking on the status of the case and had otherwise met the requirements of Rule 4, the circuit court would have had an absolute obligation to grant his motion for extension of time. *Arkco Corp. v. Askew*, 360 Ark. 222, 200 S.W.3d 444 (2004). Davis has not therefore provided an excuse for his failure to file a timely notice of appeal that would constitute good cause for the omission.

When a petitioner fails to perfect an appeal in accordance with the prevailing rules of procedure, the burden is on the petitioner, even if he is proceeding pro se, to establish good cause for failure to comply with the procedural rules. *Early v. Hobbs*, 2015 Ark. 313, 467 S.W.3d 150 (per curiam). The duty to conform to procedural rules applies even when the petitioner proceeds pro se, as all litigants must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not doing so. *Miller v. State*, 2013 Ark. 182 (per curiam). Davis failed to meet his burden to establish good cause for his failure to comply with our procedural rules.

Motion denied.