SLIP OPINION

# SUPREME COURT OF ARKANSAS.
## No. CR–16–266

| | |
|---|---|
| | **Opinion Delivered** May 19, 2016 |
| RASHUNE LEON RAGLON<br>PETITIONER | PRO SE MOTION FOR BELATED APPEAL<br>[JEFFERSON COUNTY CIRCUIT COURT, NO. 35CR-14-27] |
| V. | |
| STATE OF ARKANSAS<br>RESPONDENT | HONORABLE BERLIN C. JONES, JUDGE |
| | <u>MOTION TREATED AS MOTION FOR RULE ON CLERK AND APPOINTMENT OF COUNSEL AND GRANTED; WRIT OF CERTIORARI TO COMPLETE THE RECORD WITHIN THIRTY DAYS ISSUED</u>. |

## PER CURIAM

A judgment entered in the Jefferson County Circuit Court on December 11, 2015, reflects that a jury found petitioner Rashune Leon Raglon guilty of second-degree murder and sentenced him to 600 months' imprisonment in the Arkansas Department of Correction, with a statutory enhancement of 180 months, for an aggregate sentence of 780 months' imprisonment. On December 22, 2015, the trial court granted appointed trial counsel's motion to be relieved. The order did not reflect that new counsel was appointed to represent Raglon on appeal, and, on December 28, 2015, Raglon filed a pro se notice of appeal.

Now before us is Raglon's pro se motion for belated appeal in which he seeks a writ of certiorari to bring up the record and proceed with an appeal of the judgment. Raglon

further appears to contend that his appointed trial attorney abandoned him and was ineffective for failing to continue his representation of Raglon on appeal. Because the notice of appeal was timely filed, we treat the motion for belated appeal as a motion for rule on clerk to lodge the appeal. *Early v. Hobbs*, 2015 Ark. 313, 467 S.W.3d 150 (per curiam). We grant the motion to lodge the record and issue a writ of certiorari to complete the record as only a partial record has been tendered to this court. Because Raglon's appointed attorney was relieved by the trial court, we treat his request for relief in that regard as one for appointment of counsel on appeal and grant it.

Under Arkansas Rule of Appellate Procedure–Criminal 16(b) (2015), the trial court was obligated to promptly appoint a new attorney when it relieved Raglon's appointed counsel. The failure of the trial court to appoint other counsel when it relieves an appointed trial attorney is error that deprives an indigent convicted defendant of his right to a direct appeal of the judgment. *Wrenn v. State*, 355 Ark. 558, 141 S.W.3d 362 (2004) (per curiam). The direct appeal of a conviction is a matter of right, and a criminal defendant is entitled to representation by counsel on his or her first appeal of right. *Evans v. State*, 356 Ark. 366, 151 S.W.3d 314 (2004) (per curiam) (citing *Douglas v. California*, 372 U.S. 353 (1963)). Here, as in *Wrenn*, the defendant was unacceptably left to fend for himself and file a pro se notice of appeal.

Attorney Clinton W. Lancaster is appointed to represent Raglon. Although Raglon's pro se notice of appeal indicates that the complete transcript of the proceedings was ordered, only the partial record has been tendered to this court. Our clerk is directed to lodge the partial record. We issue the writ of certiorari to bring up a complete record within thirty

days of this order. When the supplemental record is received, we direct the clerk to set an appropriate briefing schedule for the matter.

Motion treated as motion for rule on clerk and appointment of counsel and granted; writ of certiorari to complete the record within thirty days issued.