SLIP OPINION

Cite as 2016 Ark. 366

# SUPREME COURT OF ARKANSAS

**No.** CR–16–857

| | | |
|---|---|---|
| BILLY DAVIS JR. | | **Opinion Delivered:** October 27, 2016 |
| | APPELLANT | |
| V. | | MOTION FOR BELATED APPEAL AND PETITION FOR WRIT OF CERTIORARI |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | MOTION FOR BELATED APPEAL GRANTED; PETITION FOR WRIT OF CERTIORARI TO COMPLETE AND LODGE THE RECORD WITHIN NINETY DAYS GRANTED |

## PER CURIAM

On March 1, 2016, a jury found Billy Davis Jr. guilty of aggravated robbery, first-degree battery, and theft of property. A sentencing order was entered on March 2, 2016. There is nothing in the record to reflect that trial counsel was relieved. Counsel denies that appellant timely informed him that he desired to appeal; instead, Davis belatedly filed a pro se notice of appeal and affidavit of indigency on May 2, 2016. Now before us is counsel's motion for belated appeal in which he also seeks a writ of certiorari to bring up the record and proceed with the appeal.

Arkansas Rule of Appellate Procedure–Criminal 16 (2015) provides in pertinent part that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or the

SLIP OPINION

appellate court to withdraw in the interest of justice or for other sufficient cause. We have held, however, that a defendant may waive his right to appeal by his failure to inform counsel of his desire to appeal within the thirty-day period allowed for filing a notice of appeal under Arkansas Rule of Appellate Procedure–Criminal 2(a)(4). *Sanders v. State*, 330 Ark. 851, 956 S.W.2d 868 (1997) (per curiam); *Jones v. State*, 294 Ark. 659, 748 S.W.2d 117 (1988) (per curiam). It is clear that, regardless of whether Davis timely informed his counsel, he does, in fact, desire to appeal. He is entitled to a direct appeal of his conviction as a matter of right. *Evans v. State*, 356 Ark. 366, 151 S.W.3d 314 (2004) (per curiam) (citing *Douglas v. California*, 372 U.S. 353 (1963)).

We grant the motion for belated appeal. Although Davis's notice of appeal indicates that the complete transcript of the proceedings was ordered, only the partial record has been tendered to this court. Our clerk is directed to lodge the partial record. We issue the writ of certiorari to complete the record and have the entire record lodged within ninety days of this order. When the supplemental record is received, we direct the clerk to set an appropriate briefing schedule for the matter.

Motion for belated appeal granted; writ of certiorari to complete and lodge the record within ninety days granted.