SLIP OPINION

Cite as 2016 Ark. 404

# SUPREME COURT OF ARKANSAS.

**No.** CR–16–791

| | |
|---|---|
| FREDRICO RAINER BILLINGS<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** November 17, 2016<br><br>PRO SE MOTION FOR BELATED APPEAL OF ORDER<br>[UNION COUNTY CIRCUIT COURT, NO. 70CR-09-242]<br><br>HONORABLE HAMILTON H. SINGLETON, JUDGE<br><br><u>MOTION TREATED AS MOTION FOR RULE ON CLERK AND DENIED</u>. |

## PER CURIAM

In 2009, petitioner Fredrico Rainer Billings entered a plea of guilty to delivery of a counterfeit substance and delivery of a controlled substance. He was sentenced as a habitual offender to an aggregate term of 480 months' imprisonment. In 2010, he filed a pro se petition to correct or reduce his sentence pursuant to Arkansas Code Annotated section 16–90–111 (Repl. 2006). No action was taken on the petition, and on February 9, 2016, Billings filed a request with the circuit clerk for a certified copy of the record in the case so that he could proceed in this court with a petition for writ of mandamus. On March 17, 2016, the trial court entered an order denying the 2010 petition.[1]

---

[1] The court noted in its order that it had been unaware of the petition until it received a copy of a letter from a staff attorney for this court to Billings acknowledging the tender of

On April 12, 2016, Billings timely filed a pro se notice of appeal, but he did not tender the record on appeal to this court in accordance with the prevailing rules of procedure. He now seeks by pro se motion to proceed with a "belated appeal."

Because there was a notice of appeal timely filed by Billings, we treat the request to proceed with a belated appeal as a motion for rule on clerk to lodge the record belatedly. *Raglon v. State*, 2016 Ark. 219, at 2 (per curiam) (When the notice of appeal was timely filed, the motion for belated appeal was properly treated as a motion for rule on this court's clerk to lodge the appeal.). Because we find that Billings has not stated good cause for his failure to timely tender the record to this court, the motion is denied.

Arkansas Rule of Appellate Procedure–Civil 5(a) (2015) provides that "[t]he record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within 90 days from the filing of the first notice of appeal," unless the time is extended. *See State v. Bragg*, 2016 Ark. 242, at 6. Billings tendered his record outside the ninety-day period and places the responsibility to timely tender the record on appeal entirely on the circuit clerk. He does not allege, and the record tendered here does not reflect, that he filed any motion to extend the time to lodge the record within the ninety days allowed to submit an appeal record to the appellate court. Instead, he argues that it was the circuit clerk's duty to comply with all procedural rules and perfect his appeal.

---

a mandamus petition that pertained to the 2010 petition. The tendered mandamus petition was never filed.

This court has consistently held that it is not the responsibility of the circuit clerk, the circuit court, or anyone other than the appellant to perfect an appeal. *Purifoy v. State*, 2015 Ark. 353, at 1–2 (per curiam); *Butler v. State*, 2015 Ark. 173, at 3 (per curiam). The duty to conform to procedural rules applies even when the petitioner proceeds pro se, as all litigants must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not so conforming. *Belts v. State*, 2013 Ark. 72 (per curiam). Compliance with the rules of this court is required so that appeals will proceed as expeditiously as possible. *Nutt v. State*, 2015 Ark. 103, at 3 (per curiam). A petitioner's request for rule on clerk to lodge an appeal record based on the claim that it was entirely the clerk's responsibility to perfect the appeal is not well founded. *Upshaw v. State*, 2014 Ark. 166, at 2 (per curiam); *Bragg v. State*, 297 Ark. 348, 350, 760 S.W.2d 878, 879 (1988).

Motion treated as motion for rule on clerk and denied