SLIP OPINION

Cite as 2016 Ark. 450

# SUPREME COURT OF ARKANSAS.

**No.** CR–16–803

| | |
|---|---|
| | **Opinion Delivered** December 8, 2016 |
| CHRISTOPHER DEAN KING, SR. PETITIONER | PRO SE MOTIONS FOR BELATED APPEAL OF ORDER, FOR RULE ON CLERK, FOR APPOINTMENT OF COUNSEL, FOR DUPLICATION OF RECORD AT STATE EXPENSE, AND TO AMEND OR SUPPLEMENT APPEAL [BRADLEY COUNTY CIRCUIT COURT, NO. 06CR–11–04] |
| V. | |
| STATE OF ARKANSAS RESPONDENT | |
| | HONORABLE DON GLOVER, JUDGE |
| | MOTION FOR RULE ON CLERK DENIED; ALL OTHER MOTIONS MOOT. |

**PER CURIAM**

In 2011, petitioner Christopher Dean King, Sr., entered a plea of guilty to theft by receiving. He was sentenced to sixty months' imprisonment to be followed by a suspended imposition of sentence for thirty-six months. In 2012, the State filed a petition to revoke King's suspended sentence, alleging that he had committed the new offense of residential burglary, had failed to remain gainfully employed, and had not paid restitution, costs, or fees. After a hearing, King's suspended sentence was revoked, and he was sentenced to 420 months' imprisonment. The Arkansas Court of Appeals affirmed the revocation order. *King v. State*, 2013 Ark. App. 333. The mandate of the court of appeals was issued on June 11, 2013.

King subsequently filed in the trial court a timely, verified petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2015).  The trial court denied the petition by order entered on January 28, 2016.  Now before us are King's pro se motions to proceed with a belated appeal of the order, for rule on this court's clerk, for appointment of counsel, for duplication of the record at State expense, and to amend or supplement the appeal.  Because there was a notice of appeal timely filed by King on February 16, 2016, the request to proceed with a belated appeal is moot, and we will consider only the motion for rule on clerk to lodge the record belatedly.  *Raglon v. State*, 2016 Ark. 219, at 2 (per curiam) (When the notice of appeal was timely filed, the motion for belated appeal was properly treated as a motion for rule on this court's clerk to lodge the appeal.).  Because we find that King has not stated good cause for his failure to timely tender the record to this court in accordance with the prevailing rules of procedure, we deny the request to proceed with the appeal.  The remaining motions are rendered moot by the denial of the motion for belated appeal.

Arkansas Rule of Appellate Procedure–Civil 5(a) (2015) provides that "[t]he record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within 90 days from the filing of the first notice of appeal," unless the time is extended.  *See State v. Bragg*, 2016 Ark. 242, at 6.  The record in this case contains no motions or orders for extension of time.  King filed his notice of appeal on February 16, 2016, and he tendered the record on appeal and filed his motion for rule on clerk in this court on September 8, 2016, which was 174 days after he had filed the notice of appeal.  King placed the fault on the circuit clerk on the ground that the clerk failed to respond to letters that he wrote to

the clerk requesting the record. He does not allege, and the record tendered here does not reflect, that he filed any motion to extend the time to lodge the record here within the ninety days allowed to submit an appeal record to the appellate court.

The ninetieth day to lodge the record in this matter ended on May 16, 2016. The record contains two letters from King to the circuit clerk. The first letter was file-marked by the clerk on February 1, 2016, and requests that a certified copy of the Rule 37.1 petition and all other pleadings and letters be sent to him. On February 16, 2016, he filed the notice of appeal and submitted the second letter to the circuit clerk on March 1, 2016. In the March 1, 2016 letter, King again asked for a "copy of all my paperwork" and asked whether his notice of appeal had been filed. Again, the record does not reflect that King sought an extension of time to lodge the record.

This court has consistently held that it is not the responsibility of the circuit clerk, the circuit court, or anyone other than the appellant to perfect an appeal. *Purifoy v. State*, 2015 Ark. 353, at 1–2 (per curiam); *Butler v. State*, 2015 Ark. 173, at 3 (per curiam). The duty to conform to procedural rules applies even when the petitioner proceeds pro se, as all litigants must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not so conforming. *Belts v. State*, 2013 Ark. 72 (per curiam). Compliance with the rules of this court is required so that appeals will proceed as expeditiously as possible. *Nutt v. State*, 2015 Ark. 103, at 3 (per curiam). A petitioner's request for rule on clerk to lodge an appeal record based on the claim that it was entirely the clerk's responsibility to perfect the appeal is not well founded. *Upshaw v. State*, 2014

Ark. 166, at 2 (per curiam); *Bragg v. State*, 297 Ark. 348,  350, 760 S.W.2d 878, 879 (1988).

Motion for rule on clerk denied; all other motions moot.