
SLIP OPINION

Cite as 2017 Ark. 209

# SUPREME COURT OF ARKANSAS
No. CR-17-277

|  |  |
|---|---|
| DON MICHAEL COX | **Opinion Delivered** JUNE 1, 2017 |
| PETITIONER | PRO SE MOTION FOR BELATED APPEAL AND RULE ON CLERK AND MOTION FOR APPOINTMENT OF COUNSEL [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-14-2219] |
| V. |  |
| STATE OF ARKANSAS | HONORABLE JAMES LEON JOHNSON, JUDGE |
| RESPONDENT |  |
|  | <u>MOTION FOR BELATED APPEAL AND RULE ON CLERK TREATED AS MOTION FOR BELATED APPEAL AND GRANTED; IN FORMA PAUPERIS STATUS GRANTED; WRIT OF CERTIORARI TO BE FILED WITHIN FOURTEEN DAYS; MOTION FOR COUNSEL MOOT.</u> |

## SHAWN A. WOMACK, Associate Justice

Petitioner Don Michael Cox filed in this court a pro se motion for belated appeal and rule on clerk. He later filed a pro se motion for appointment of counsel to represent him in this court on the motion. Cox seeks to appeal a judgment entered September 16, 2016, that reflects Cox's conviction on ten counts of distribution, possession, or viewing of matter depicting sexually explicit conduct involving a child. The judgment indicates that Cox entered a guilty plea and was sentenced by a jury to thirty-six months' imprisonment for each of the ten counts, with four of the counts to run consecutively, for an aggregate

SLIP OPINION

sentence of 144 months' incarceration. Cox filed a pro se notice of appeal on October 28, 2016, and on November 1, 2016, his retained attorney, Stuart Vess, filed a motion to be relieved. There is no order in the record lodged with the instant motion effective to grant Vess's motion to be relieved.

When the record was tendered to this court, our clerk declined to lodge it because the notice of appeal was not timely. Under Arkansas Rule of Appellate Procedure–Criminal 2(a) (2016), Cox was required to file his notice of appeal within thirty days of the date of the entry of the judgment, or no later than October 16, 2016. If the notice of appeal was filed late, a motion to proceed with the appeal is properly treated as one for belated appeal. *Davis v. State*, 2016 Ark. 47, 481 S.W.3d 764 (per curiam).

In his pro se motion, Cox alleges that he advised counsel that he wished to appeal before the sentencing order was entered, that he could not pay the additional compensation his attorney required for an appeal, that his notice of appeal was mailed to the circuit clerk in a timely fashion and should have been filed by the clerk before the deadline, and that any error that may have occurred concerning the notice's delivery to the wrong court was clerical error and not an indication that he did not wish to appeal. Cox attached to the motion an affidavit in support of a request to proceed in forma pauperis. The record does not reflect that Cox's notice of appeal included a notarized statement as required under Rule 2(b)(3) so that the notice would be deemed filed as of the date it was deposited in the detention facility's legal mail system, but the postmark on the envelope contained in the record indicates that the notice was posted on October 6, 2016, well before the expiration of the deadline for filing.

In his motion to be relieved in the trial court, Vess disputed the allegation that he was advised of Cox's desire to appeal. Because Cox is entitled to a direct appeal for the sentencing phase of his trial, we grant the motion without regard to whether Cox timely notified his attorney of his desire to appeal. *See Davis v. State*, 2016 Ark. 366 (per curiam) (holding that, although a defendant may waive his right to appeal by failing to inform counsel of his desire to appeal within the time for filing a notice of appeal, when counsel had not been relieved and the defendant is entitled to a direct appeal as a matter of right, the motion for belated appeal should be granted).

The record does not reflect that Cox entered a conditional plea, and our rules of appellate procedure generally do not allow an appeal of a guilty plea. Ark. R. App. P.– Crim. 1(a) (2016). However, an appeal may be taken after a guilty plea when it alleges evidentiary errors which arose after the plea and during the sentencing phase. *Johnson v. State*, 2010 Ark. 63. Cox is therefore entitled to a direct appeal of his sentencing hearing only.

Although the partial record before this court includes a transcript of a posttrial hearing that indicates that the trial court granted counsel's motion to be relieved, the record, as stated, does not contain a written order relieving counsel from his responsibility to represent Cox on appeal. Under Arkansas Supreme Court Administrative Order 2(b)(2), an oral order announced from the bench does not become effective until reduced to writing and filed of record. *Carr v. Nance*, 2010 Ark. 25.

Our clerk is directed to lodge the partial record. Although the motion before us was filed by Cox pro se, Vess remains attorney of record, and the appeal is to be docketed

reflecting as much. *See Davis*, 2016 Ark. 366, at 1 (noting that Arkansas Rule of Appellate Procedure–Criminal 16 provides in pertinent part that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause). As we grant the motion to proceed with the appeal and Cox is represented on appeal, his pro se motion for appointment of counsel is moot.

The State has not contested Cox's request to proceed as a pauper, and we accordingly grant in forma pauperis status to Cox. Because Vess is attorney of record, he is responsible for proceeding with the appeal as counsel.[1] Counsel Vess is directed to file an appropriate petition for writ of certiorari to complete the record lodged for the appeal within fourteen days from the date of this order. When the supplemental record is received, our clerk will set the briefing schedule for the appeal.

Motion for belated appeal and rule on clerk treated as motion for belated appeal and granted; in forma pauperis status granted; writ of certiorari to be filed within fourteen days; motion for appointment of counsel moot.

---

[1] If Mr. Vess would seek appointment as counsel by this court so that he may be eligible to file a motion for fees in the matter, he should file an appropriate motion making that request promptly.